IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JQ9369
**(Inmate Number)**

MICKEY CASTILLO
**(Name of Plaintiff)**

P.O. Box 999, 1120 Pike Street
**(Address of Plaintiff)**

Huntingdon, PA 16652

vs.

TPR. CHRISTOPHER MAGUIRE, TPR. MIKE MINSAVEGE, TPR. CHRIS O'BRIEN, TPR. JOE PRULA, TPR. JOE KOEHLER, TPR. JESSIE KNOTT, TPR. JEFF LAM, TPR. WILLIAM LANGMAN
**(Names of Defendants)**

**(Case Number)**

**COMPLAINT**

FILED
SCRANTON
DEC 09 2013
PER _____
DEPUTY CLERK

TO BE FILED UNDER: _XXX_ 42 U.S.C. § 1983 - STATE OFFICIALS
                    _____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:
   N/A

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
   _xxx_ Yes  ____ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
   ____ Yes  _xxx_ No

   If your answer is no, explain why not Grievance system does not apply to PA State Police.

   C. Is the grievance process completed? ____ Yes _XXX_ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant CHRISTOPHER MAGUIRE is employed as STATE POLICE at TROOP P, WYOMING STATE POLICE BARRACKS.

B. Additional defendants TPRS. MINSAVAGE, O'BRIEN, PRULA, KOEHLER, KNOTT, LAMM, and LANGMAN

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. See attached.

2.

3.

2

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. ___See attached___

2. 

3. 

Signed this __4th__ day of __December__, __2013__

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__December 4th 2013__                    _____
(Date)                                                          (Signature of Plaintiff)

3

COMPLAINT

1. On 2/2/09 PA State Trooper Christopher Maguire, of Troop P State Police Barracks, Wyoming, PA, went to District Justice David Barilla seeking an "ANTICIPATORY SEARCH WARRANT," to search the Plaintiff's home at 20 Market Street, Pittston City, PA.

2. PA State Troopers Christopher Maguire, Mike Minsavge, Chris O'Brien, Joe Prula, Joe Koehler, Jessie Knott, Jeff Lamm, and Willain Langman, all participated in serving the Anticipatory Search Warrant on Plaintiff at his home.

3. The Affidavit of Probable Cause for the ANTICIPATORY SEARCH WARRANT was based upon two prior drug buys which took place on 9/24/08 and 10/08/08, in which alleged Cocaine was purchased.

4. The alleged drug sale transactions used as "PROBABLE CAUSE" for the ANTICIPATORY SEARCH WARRANT were not contemporaneous and were so remote in time as to render the search warrant issued and carried out illegally and in violation of the Constitutions of the United States and the Commonwealth of PA.

5. The Defendants were not personally aware of any ongoing drug sales or activity by Plaintiff since 10/08/08, the date of the last alleged drug sale with Plaintiff.

6. The State Troopers in question did make entrance to the Plaintiff's home while two painters, James Beslin and Peter Breslin, were leaving Plaintiff's ~~home~~ Driveway.

7. Defendants used the Breslins to gain entry into Plaintiff's home without proper "knock and announce" procedure taking place. There were no exigent circumstances at that time generating cause to violate proper and legally legitimate criminal procedure.

8. Upon proceeding to Court, Plaintiff's counsel told him that the search warrant was valid and there was nothing he could do about it.

9. Plaintiff asserts that counsel was derelict in his duties to Plaintiff for failing to tell Plaintiff at any time the Anticipatory Search Warrant was not validly obtained.

10. After much research, Plaintiff exercising due diligence found out that the Anticipatory Search Warrant was improperly issued using probable cause that was stale, or not contemporaneous, to the proper issuance of such an Anticipatory Search Warrant.

11. It was not until Spring of 2012 that Plaintiff made this discovery after much research into the facts of his case. Research which his counsel obviously never performed, rendering Plaintiff destitute of professional counsel's assistance and counsel derelict in his duties to protect Plaintiff from such illegal activity as an invalid search warrant.

12. Plaintiff filed a PCRA in the PA Courts shortly thereafter asserting his rights to have the matter reviewed in the state courts.

13. Plaintiff's litigation is still pending in the PA Court system on appeal at this time.

14. Plaintiff will be seeking damages, yet to be determined, against the above named defendants in this matter.

15. Plaintiff would ask that this matter be temporarily placed on a stay and in a state of abeyance until all criminal litigation in this matter is completed.

16. Plaintiff reserves the right to amend this complaint at some point in the future.

NAME Mikey Coshlo
NUMBER JQ989
State Correctional Institution at Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652

RECEIVED
SCRANTON
DEC 0 9 2013
PER _____ DEPUTY CLERK

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

U.S. MIDDLE DISTRICT COURT
OF PENNSYLVANIA
P.O. BOX 1148
Scranton PA. 18501



02 1M
0008005977
MAILED FROM ZIP CODE 16652
$ 00.66⁰
DEC 06 2013
UNITED STATES POSTAGE
PITNEY BOWES