# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICKEY CASTILLO, | : | CIVIL NO: 3:13-CV-02953 |
|---|---|---|
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| CHRISTOPHER MAGUIRE, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

In this civil rights action, brought pursuant to 42 U.S.C. § 1983, the plaintiff, Mickey Castillo ("Castillo"), a state prisoner at the time the complaint was filed, sues the following Pennsylvania State Police Troopers: Christopher Maguire, Mike Minsavege, Chris O'Brien, Joe Prula, Joe Koehler, Jessie Knott, Jeff Lam, and William Langman. Castillo's claims stem from a search of his residence in Pittston, Pennsylvania. Pending is a Rule 12(b)(6) motion to dismiss filed by defendants Lam, Langman, Maguire, Minsavage, O'Brien, and Prula.[1] In the motion, which is ripe for review, the moving defendants contend that Castillo fails to state a claim upon which relief can be granted and that his claims are otherwise

---

[1] On December 16, 2013, we ordered the U.S. Marshal's Service to serve the summons and complaint on all of the named defendants. *Doc.* 6. As of this date, however, no return of service has been filed and only the moving defendants have waived service. Under these circumstances, should this matter be remanded to the undersigned, we will issue a subsequent order re-directing service of the summonses and complaint upon Koehler and Knott.

barred by the favorable-termination rule announced in *Heck v. Humphries*, 512 U.S. 477 (1994). Our findings and recommendations follow.

By way of background, Castillo filed this lawsuit on December 6, 2013. *See Doc.* 1 at 6. Along with the complaint, Castillo filed a motion to proceed *in forma pauperis*. We granted Castillo's motion on December 16, 2013. *Doc.* 6. In the complaint, Castillo sets forth the following allegations, which we will accept as true pursuant to the Rule 12(b)(6) legal standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))(requiring federal courts to liberally construe *pro se* pleadings)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on February 2, 2009, defendant Christopher Maguire ("Maguire") applied for an anticipatory search warrant, from a Pennsylvania state court judge, to search Castillo's residence in Pittston, Pennsylvania. Although it is not alleged in the complaint, we infer that Maguire obtained the search warrant because Castillo claims that all of the named defendants in this action served the warrant upon him and executed the same at his residence. During the execution of the search warrant, however, the defendants did not knock and announce before entering Castillo's residence; instead, the defendants entered the residence *via* two painters, who were leaving the residence

as the defendants arrived. According to Castillo, there were no exigent circumstances justifying the defendants' entry into his residence without knocking and announcing their presence.[2]

In addition to the defendants' alleged failure to knock and announce their presence, the warrant itself, according to Castillo, was invalid because the corresponding affidavit for probable cause was premised upon stale evidence. Specifically, Castillo claims that the affidavit for probable cause was premised upon two drug transactions, in which Castillo was involved, that had occurred nearly three months before the warrant was issued. Castillo also claims that there is no other evidence of his involvement with other drug transactions. Thus, we liberally construe Castillo's complaint to include claims that: (1) the search of his residence was unlawful because the defendants, collectively, did not knock and announce their presence; and (2) Maguire knowingly sought and obtained an invalid warrant premised upon stale evidence.[3]

---

[2] Inherent in the Fourth Amendment protection against unreasonable searches and seizures is the "common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry." *Kornegay v. Cottingham*, 120 F.3d 392, 396 (3d Cir. 1997) (quoting *Richards v. Wisconsin*, 520 U.S. 385, 387 (1997)).

[3] In his brief-in-opposition to the pending dismissal motion, Castillo sets forth that Maguire "perjured" himself in the affidavit for probable cause. *See Doc.* 22 at 2. Castillo, though, does not include such a claim in his complaint, and it is axiomatic that a complaint cannot be amended through a brief. *See Zimmerman*,

Despite providing some background on the actual search of his residence, Castillo does not disclose in his complaint whether any incriminating evidence was seized during the search. Nevertheless, the Court takes judicial notice of Castillo's criminal docket sheet, which was also provided by the moving defendants along with their dismissal motion. Pursuant to Castillo's criminal docket sheet, he was charged with several drug-related crimes not long after Maguire obtained the relevant search warrant. *See Doc.* 18-1 at 3. Furthermore, according to the same criminal docket sheet, Castillo ended up pleading guilty to two felony drug charges. On July 8, 2010, Castillo was sentenced to serve between four and eight years in state prison on one count of engaging in a criminal conspiracy. *Id.* at 4.

In addition to taking judicial notice of Castillo's criminal docket sheet, we also take judicial notice of his guilty plea transcript, which was provided to this Court in *Castillo v. Fisher*, 3:14-CV-00418-RDM (M.D. Pa.) at *Doc.* 55. According to the guilty plea transcript, the factual basis of Castillo's guilty plea was as follows:

> On February 2, 2009, state police served a search warrant on [Castillo's residence]. [Castillo] was present. He was searched and was present during the search…. A search of the residence resulted in the discovery of cocaine in excess of a hundred grams…. In close proximity to that cocaine was a digital scale along with packaging materials. It is alleged that the co-

---

*supra*, 836 F.2d 173 (3d Cir. 1988). Thus, we do not consider Castillo's new claim contained in his brief.

> conspirator is David Moyer who was seen entering and exiting that residence prior to making controlled purchases.

As of the date of this Report and Recommendation, Castillo, who did not file a direct appeal of his guilty plea conviction, has had his petition for post-conviction collateral relief denied in the Pennsylvania state courts.[4]

In this civil rights lawsuit, brought pursuant to 42 U.S.C. § 1983, we liberally construe Castillo's complaint to include Fourth Amendment claims relating solely to the search of his residence. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. This statute does not create substantive rights; rather, it "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.

---

[4] Our research, available through Pennsylvania's Unified Judicial Docket System, reveals that since the filing of this federal lawsuit, the Superior Court of Pennsylvania has denied Castillo's PCRA petition. *See Commonwealth v. Castillo*, Appellate Docket No. 1970 MDA 2012; *see also Doc.* 25-1 in *Castillo v. Fisher*, No. 3:14-CV-00418-RDM (M.D. Pa.). It is unclear upon a cursory review, however, whether Castillo timely filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. *But see, Commonwealth v. Castillo*, Appellate Docket No. 49 MM 2014.

1996).  Accordingly, to state a viable claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Lomax v. U.S. Senate Armed Forces Service Committee*, 454 F. App'x 93, 95 (3d Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because there is no question that the moving defendants acted under color of state law, our analysis focuses on whether Castillo has plausibly shown a deprivation of his Fourth Amendment rights.  *See Twombly*, 550 U.S. 544, 556, 570 (2007)(a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)(a claim has factual plausibility when there is "more than a sheer possibility that a defendant has acted unlawfully.").

In general, the Fourth Amendment guards against unlawful searches and seizures.  *See* U.S. CONST. Amend. IV. Furthermore, the Amendment provides that "no Warrants shall issue, but upon probable cause…." *Id.*  Thus, a search may be unlawful, entitling a plaintiff to a damages remedy, when an executed search warrant was issued without the requisite probable cause.

Turning to the moving defendants' motion to dismiss, they argue first that Castillo fails to state a plausible claim for relief.  In this regard, the moving defendants contend that Castillo's claims cannot be discerned from the contents of

6

the complaint. We disagree and find that Castillo has put the moving defendants on sufficient notice that he intends on raising Fourth Amendment claims against them, relating to the search of his residence. Indeed, we do not construe Castillo's complaint to include any claims other than those relating to the search of his residence.[5] Moreover, we find that the *pro se* complaint puts the moving defendants on sufficient notice as to whom the claims are asserted.

With respect to Castillo's challenge to the sufficiency of the warrant's affidavit for probable cause, we do not agree with the moving defendants that Castillo was required to identify the affiant to state a valid claim for relief. In this regard, we do not construe Castillo's complaint to include a claim challenging the *veracity* of the affidavit used to obtain the warrant. Castillo's claim, instead, turns solely on the legal sufficiency of the affidavit in that it was premised upon stale evidence, to which Maguire could be liable under the Fourth Amendment. Moreover, the moving defendants do not argue that Castillo has failed to plausibly

---

[5] To the extent that Castillo actually intends on raising claims for malicious prosecution and false arrest, stemming from the search of his residence and resulting guilty plea, we find that such claims would be barred by the favorable-termination rule, discussed *infra*. *See also, Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."); *Ross v. Donkocik*, 60 F. App'x 409, 410 n. 1 (3d Cir. 2003)(citing *Heck*, 512 U.S. at 486-87, to support conclusion that a guilty plea negates § 1983-plaintiff's argument that the arresting officers did not have probable cause).

show that the evidence contained in the affidavit was stale or that Maguire was unaware of the stale evidence upon which the warrant was issued.

The moving defendants further argue that Castillo's claims are barred by the favorable-termination rule announced in *Heck*. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction … has already been invalidated." *Id.* Relevant here, however, the Supreme Court also controversially noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* at 487, n. 7. The Court reasoned that "[b]ecause of doctrines like independent source and inevitable discovery … and especially harmless error …, such a § 1983 action, even if successful, would not

8

necessarily imply that the plaintiff's conviction was unlawful...." *Id.* (citations omitted).

*Heck's* footnote 7 is controversial because it has often been applied inconsistently by the lower federal courts. *See* John Stanfield Buford, *When the Heck Does this Claim Accrue? Heck v. Humphrey's Footnote Seven and § 1983 Damages Suits for Illegal Search and Seizure*, 58 Wash. & Lee L. Rev. 1493, 1510-12 (2001)(discussing how the Circuits are split as to whether the footnote exempts all Fourth Amendment claims from the favorable-termination rule or whether the claims should be evaluated on a claim-by-claim basis). Nevertheless, the Third Circuit provides that district courts must undertake a fact-intensive inquiry for each claim raised by the plaintiff and determine whether success on the claim would necessarily impugn the integrity of the plaintiff's criminal conviction. *Gibson v. Superintendent, N.J. Dep't of Law & Public Safety*, 411 F.3d 427, 450 (3d Cir. 2005), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181, 188 (2010). Adhering to the Third Circuit's mandate, Judges across this District Court have applied the *Gibson* holding to Fourth Amendment search claims, evaluating them on an individual basis to determine whether *Heck* operates as a bar to suit. *See, e.g., Clouser v. Johnson*, No. 1:12-CV-1870, 2014 WL 4180808, at *7 (M.D. Pa. Aug. 25, 2014)(Conner, C.J.)(finding that the defendants

could not establish that plaintiff's success on his Fourth Amendment search and seizure claim would invalidate his conviction).

Applying these principles, we find that Castillo's Fourth Amendment search claims are not barred by *Heck*. Of particular noteworthiness, Castillo's guilty plea transcript reveals that the evidence seized from his residence was not the only evidence upon which the guilty plea was premised. Rather, according to the prosecutor in attendance at the guilty plea hearing, there was also evidence that controlled purchases were made from Castillo's residence and that the alleged co-conspirator was seen entering and exiting the same residence before the controlled purchases. Moreover, Castillo seems to concede that such evidence existed; though, he disputes whether the evidence was sufficient for purposes of obtaining a search warrant. Thus, Castillo's success on his claims in this lawsuit would not *necessarily* imply the invalidity of his underlying guilty plea conviction. Accordingly, we recommend denying the moving defendants' motion to dismiss as it relates to their argument that *Heck* bars Castillo's Fourth Amendment search claims.[6]

---

[6] Following *Wallace v. Kato*, 549 U.S. 384 (2007), it is questionable whether Castillo's Fourth Amendment search claims in this civil rights action are timely. *See Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (non-precedential); *Jackson v. Davis*, No. 2:13-CV-1717, 2014 WL 3420462, at * 15 (W.D. Pa. July 14, 2014)(citing *Voneida v. Stoehr,* 512 F. App'x 219, 221 (3d Cir. 2013)). We do not make a recommendation to this extent, however, since it is unclear on the face of the complaint whether tolling doctrines would apply.

At the same time, given our continuing obligation to dismiss complaints that fail to state a claim, pursuant to 28 U.S.C. § 1915(e), we recommend that Castillo's complaint be dismissed, with leave to amend, because he has failed to allege a compensable injury. *Cf. Pearson v. Weischedel*, 349 F. App'x 343, 348-49 (3d Cir. 2009). As the Supreme Court also noted in *Heck's* footnote 7, the "injury" of being convicted is not compensable under § 1983: "the … plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, ... which, we hold today, does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck,* 512 U.S. at 487, n. 7. In this case, the only inferrable injury is that Castillo was convicted as a result of the alleged unconstitutional violation, which is insufficient.[7]

Based on the foregoing, **IT IS RECOMMENDED** that the moving defendants' motion to dismiss (*Doc.* 17) be **DENIED**; Castillo's complaint (*Doc.* 1) be **DISMISSED**, with leave to amend, for Castillo's failure to plausibly show a compensable injury; Castillo's request for a stay (*Doc.* 1 at 5) be **DENIED**; and the case be **REMANDED** to the undersigned for further pretrial proceedings. The Parties are further placed on notice that pursuant to Local Rule 72.3:

---

[7] Furthermore, Castillo seeks unspecified damages; however, to the extent he seeks injunctive or declaratory relief that would impugn his criminal conviction, such claims for damages are barred as § 1983 does not operate to provide that type of relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **2nd** day of **December, 2014**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge