FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT of PENNSYLVANIA

APR 1 0 2015

Per_____
DEPUTY CLERK

Mickey Castillo
        Plaintiff
            v
Christopher McGuire, et al

2013 cv - 02953

MAGISTRATE (SHWAB)
JUDGE (MARIANI)

JURY TRIAL DEMANDED

AMENDED  42 US § 1983 COMPLAINT
FOR DAMAGES

FILED
SCRANTON

JAN 0 2 2015

PER_____
DEPUTY CLERK

## I. INTRODUCTION

1. This is a § 1983 ACTION Filed by __Mickey Castillo__, now herein called *Plaintiff*, alleging that his Constitutional Rights guaranteed by the UNITED STATES OF AMERICA were violated by the following named Defendants in this Complaint. Plaintiff Seeks Damages/Relief in the form of U.S. Currency.

## II JURISDICTION

2. Jurisdiction of this court is invoked Pursuant to 28 US § 1343 (a)(3) in that this action Seeks to redress the Deprivation under color of State/Federal Law of Rights Secured by acts of Congress providing for Equal Rights of Persons within the Jurisdiction of the UNITED STATES.

— 1 —

3. Jurisdiction is also invoked Pursuant to §1331 of U.S. Code in that this is a Civil Action arising under the Constitution of The UNITED STATES.

4. Jurisdiction Invoked when Defendants violated Violated his Absolute Guaranteed Protected $1^{st}, 4^{th}, 5^{th}, 8^{th}, 14^{th}$ U.S. Constitutional Rights.

## III Parties

5. Plaintiff Mickey Castillo. The following Parties are Defendants.

6  Christopher Maguire employed @ Wyoming, Pa 18704 P.S.P. Barracks, and Affiant to Constitutionally invalid search Warrant (Anticipatory) and Supervisors to all other P.S.P. members mentioned in "ANTICIPATORY Search WARRANT". He is being Sued in his Personal / Individual Capacity.

7. Mike Minsavage, P.S.P. Wyoming Barracks He is being Sued in his Personal / INdividual Capacity.

8. CHRIS OBrien, P.S.P. Wyoming Barracks He is being Sued in his Personal / Individual Capacity.

9. Joe Prula. P.S.P. Wyoming Barracks He is being Sued in his Personal / Individual Capacity

10. Joe Koehler, Jesse Knott, Jeff Lamm, and William Langham, P.S.P. Wyoming Barracks are being sued in their Individual, Personal Capacities.

11  A.D.A. Frank Marababe Luzerne County District Attorney's office who allowed, approved, signed off on the Constitutionally Defective "ANTICIPATORY SEARCH - WARRANT" to be submitted to Magistrate and as such he is being sued in Official, Personal, Individual Capacity.

12. ADA. Mr. Ferrintino, Luzerne County District Attorney's office is being sued also in his official, Individual, Personal Capacity.

3

FACTS OF COMPLAINT

13 On 2/2/09 PA State Trooper Christopher Maguire, of Troop P State Police Barracks, Wyoming, PA, went to District Justice David Barilla seeking an "ANTICIPATORY SEARCH WARRANT," to search the Plaintiff's home at 20 Market Street, Pittston City, PA.

14. PA State Troopers Christopher Maguire, Mike Minsavge, Chris O'Brien, Joe Prula, Joe Koehler, Jessie Knott, Jeff Lamm, and Willain Langman, all participated in serving the Anticipatory Search Warrant on Plaintiff at his home.

15. The Affidavit of Probable Cause for the ANTICIPATORY SEARCH WARRANT was based upon two prior drug buys which took place on 9/24/08 and 10/08/08, in which alleged Cocaine was purchased.

16. The alleged drug sale transactions used as "PROBABLE CAUSE" for the ANTICIPATORY SEARCH WARRANT were not contemporaneous and were so remote in time as to render the search warrant issued and carried out illegally and in violation of the Constitutions of the United States and the Commonwealth of PA.

17. The Defendants were not personally aware of any ongoing drug sales or activity by Plaintiff since 10/08/08, the date of the last alleged drug sale with Plaintiff. This Concludes 4 months of no ongoing activity

18. The State Troopers in question did make entrance to the Plaintiff's home HAD ALREADY LEFT while two painters, James Beslin and Peter Breslin, were leaving Plaintiff's home.

19. Defendants used the Breslins as body fodder to gain entry into Plaintiff's home without proper "knock and announce" procedure taking place. There were no exigent circumstances at that time generating cause to violate proper and legally legitimate criminal procedure.

4

20. Upon proceeding to Court, Plaintiff's counsel told him that the search warrant was valid and there was nothing he could do about it.

21. Plaintiff asserts that counsel was derelict in his duties to Plaintiff for failing to tell Plaintiff at any time the Anticipatory Search Warrant was not validly obtained.

22. After much research, Plaintiff exercising due diligence found out that the Anticipatory Search Warrant was improperly issued using probable cause that was stale, or not contemporaneous, to the proper issuance of such an Anticipatory Search Warrant.

23. It was not until Spring of 2012 that Plaintiff made this discovery after much research into the facts of his case. Research which his counsel obviously never performed, rendering Plaintiff destitute of professional counsel's assistance and counsel derelict in his duties to protect Plaintiff from such illegal activity as an invalid search warrant.

24. Plaintiff filed a PCRA in the PA Courts shortly thereafter asserting his rights to have the matter reviewed in the state courts.

25. Plaintiff's litigation is still pending in the PA Court system on appeal at this time.

26. Plaintiff will be seeking damages, yet to be determined, against the above named defendants in this matter.

27. Plaintiff would ask that this matter be temporarily placed on a stay and in a state of abeyance until all criminal litigation in this matter is completed.

28. Plaintiff reserves the right to amend this complaint at some point in the future.

<u>Also</u>

29  Hypothetical Arguments support that if ANTICIPATORY
SEARCH WAS VALID, IT was voided when Christopher
Maguire et al. Ceded the Magistrates strict stipulation
requisite to trigger execution of said "Warrant" when, under
non-exigent circumstances they voided the warrant by
stopping David maker from completing the sale. oppossite
of what was strictly stipulated in Warrant signed by
Magistrate who only did such which was stipulated
on what information the screen writers (Defendant's)
gave the Magistrate.

30     Defendant's omitted to Magistrate any Demeanor
to Justify Defendant's to usurp the Magistrates
strict Contigent Wording is ANTICIPATORY SEARCH
WARRANT

31  Affiant Christopher Maguire Perjured on Appliation for
Anticipatory Search Warrant for Released Discovery that
was Given to Plaintiff by Trial Counselor on /about
February 10th 2012. Shows Plaintiff's Photo was
Pulled almost 2 weeks before Affiants statement
that it was Pulled ONLY after September 5th
2008, which was done So for the "CI 2008"

6

32 gave information to Affiant that day where affiant chronologically states he then was shown Residence so as to ascertain, pull Photo of Plaintiff to then be as Affiant Sware to was Confirmed by "CI 2003."

33 Affiants "2006 CI" has no nexus to Plaintiff in any way nor fashion.

34 Affiant contacted "CI 2003" after the Anticipatory Search Warrant was Issued

35 "CI 2003" DID nothing in 4 months nor Affiant to Re-vitalize stale information.

FN1 36 Affidavits enclosed supports Plaintiff was unaware of such Constitutional Knock and Annance Violation, (Jennifer Black and Justin Costillo) See EXHIBIT 1,2

37 ~~defendant~~ Plaintiff never heard of Anticipatory (WORD) Search Warrant at any time BY trial or Sentence Counselor. (Nor from R.C.I.R.A Canselor Jeffrey Yelen).

---

FN1 See Exhibit A Page 8 of 8 — Police Report stating DOG Bit Police officer Jeffrey Lamm.

7

EXHIBIT 1

**Affidavit**

I _Justin Castillo_                    Date of Birth: _01/01/90_

Address: _20 Market St. Pittston PA 18640_

**States:**

1. **I have never been asked by any of my dads (Mickey Castillo) lawyers about what I witnessed on February 2 2009.**

2. **I would have given a statement and would have agreed to be interviewed also would have testified in court to what happened on February 2 2009 when the police kicked in my dads kitchen door, and I will still agree to give a statement, be interviewed, and testify in court.**

**Facts to what I witnessed and will state in court.**

On February 2 2009 my dads kitchen door was kicked in by the police as soon as I opened the blinds of the kitchen door to see what all the yelling was about outside the house, as soon as I opened the blinds, a unknown face appeared at the door and kicked the door in immediately as he seen me in the blinds, with guns drawn saying "Get on the floor". It seemed like a home invasion. If he said "Police", it was while the door got kicked in and I never heard "Search Warrant" nor was instructed before the door was kicked in to get my dad, or why they were there, nor giving me anytime to explain that there is a very protective German Sheppard dog in the house so we can put the dog away. This all happened in a flash, from all the yelling outside the door, me looking out the blinds, the door being kicked in without any warning so we can advise there is a dog inside, cops came rushing in with guns out, the dog bit one of the police officers because how they rushed into the house like it was a home invasion which provoked the dog while using my dads visitors as if they were riot shields basically,. Whom both came over to check on a paint job that needed to be done with my dad.

I _Justin Castillo_          believe that all stated in this letter to be true and correct.

X _Justin Castillo_          / Date: _03/25/2014_

Justin Castillo

---

**-Notary-**

Date: _3/25/14_                    Notary Officer: _Kimberly A DeAngelo_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kimberly A. DeAngelo, Notary Public
Wyoming Boro, Luzerne County
My Commission Expires May 17, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

8

EXHIBIT 2

### Affidavit

I _Jennifer Black_   Date of Birth: _5/26/1982_

Address: _188 E. Main St  Wilkes-Barre_
_PA  18705_
**States:**

1. **I never been approached to be interviewed by any lawyers of Mickey Castillo as to what happened on February 2 2009.**

2. **I would if asked and still will make a statement to agree to be interviewed by defense counsel and testify to such as to what I witnessed on February 2 2009.**

3. **I am still available to give a statement, be interviewed and if necessary will testify in court.**

### Facts to what I witnessed.

That on February 2 2009, Mickey Castillo's kitchen door was kicked in. There was neither knocking nor any pounding at the door; no one said who was there and why before the kitchen door was kicked in. The police officers whom rushed into the house screamed for us all to get on the ground with their guns pulled out. As soon as the police officers kicked in the door, the dog bit one of the officers, after they all rushed into the house, while they had Mr. Castillo's visitors who just left the residence a few moments before, contained as if they were shields while they rushed into the house, and forced us all to get on the ground.

I _Jennifer Black_   swear everything in this statement is correct and true.

_[signature]_  / Date: _3/25/14_

Jennifer Black

---

### -Notary-

Date: _03/25/2014_   Notary Officer: _[signature]_

**Commonwealth of Pennsylvania**

NOTARIAL SEAL
Tracey C. Whitford, Notary Public
City of Wyoming Borough, Luzerne County
My commission expires June 29, 2015

IN ADDITION

38    DEFENDANTS' ADA Frank McABE and
      ADA Mr. Ferrintino has thru their Actions
      Forfeited Absolute Immunity, and fail to
      meet requirements to be Protected under
      Qualified Immunity And are being sued in
      their official, Individual, and Personal Capacity.

39    Defendant A.D.A. Frank Mcabe Forfeited his
      absolute Immunity when he stepped outside the
      role of advocacy to that of being a witness when
      Upon review, allowing, signing off of Application of "Ant-
      icipatory Search Warrant" herein now reffered as "ASW".
      His endorsement of such actions of "ASW" to be submitted
      by his subordinates does not relieve him of Liability.

40.   The 2/2/09 Debacle before, during, after, as to Mr.
      A.D.A. Mcabe Ignorance of what his duties were
      Sums up that that the Luzerne Canty has No Policy
      on how to Constitutionally Apply a "ASW" and if one exists
      it is Constitutionally Illegal and he did nothing to correct
      matter.

41.   ADA Frank Mcabe Knew or should had Known that
      the Application for "ASW" lacked Probable Cause for the
      stated Data in the 4-Corners of Application was stale
      and not Re-viciated. (CI-08 did not Provide any
      information Since 10/8/08). SEE EXHIBIT "A-Contains
pg 1,2,3 of 8 pages.
                            10

42. Defendant Chris Maurie supports such where In no way or fashions types up application for "ASW" that he has Prestablished any Communication with C.I. D8 before Submitting Application for "A.S.W". See EXHIBIT # A-8 Pages, page 1,2,3 of 8 Application for "ASW"

43. Defendant Moabe acts Triggers the "Deliberate Indifference" to Plaintiff's Constitutional (Federal/State) Rights.

44. Defendant Moabe is being added/Relate Back to the original Pleading raised.

## MR FERRINTINO

45. ADA Ferrintino has forfeited his Absolute Immunity for when he Participated in stealth By the reflection in the Police Report was in Direct and Indirect Witness to the events that transpired on 2/8/09, And as a Supervisory witness.

46. ADA. Ferrintino, Plaintiff argues in the Hypothetical that if the "ASW" was valid it was vaided when defendant's including Mr. Ferrintino's CEDED/OVERTHREW the Magistrates Stricts stipulation of the Triggering-event Constitutionally Required.

11

47  No Exigencies existed to CEDE/OVERTHROW the MAGISTRATES ORDER for the event the Police Report States was not a EXIGENCY.

48  the Police Complaint/Report states that Co-Defendant, unwitting Informant (David Moyer) was a Known Drug User/Dealer. This was not Disclosed to Magistrate.

49  the Application for "ASW" states they gave David Moyer $600 to make a Purchase this was told to Magistrate

50  the Polices, allegation that Mr. Moyer was Snorting something is subjective and does not meet "EXIGENT". Also

51  The Police gave Mr. Moyer $600 (the C.I.). the allegation that Mr. Moyer sniffed something. can not be exigent for the the screen writers of this Play (All of the Defendants) knew but omitted to Magistrate's that he was a Known Drug user/Dealer. the Defendants Invoking "Rumplestilskin" for their actions does not Justify them overthrowing/CEDING Magistrates ORDER See EXHIBIT A - pg 4 of 8

Plaintiffs assests on facts and Information and Belief.

51  Mr. Ferrintino the man behind the Scene of the Hypothetical Argument that if "ASW" was Valid which where the triggering event was adhered to Some kind of In-House Policy of such Matters, Plaintiff argues now that those Policy is/are Constitutionall REPUGNANT

12

or No Policy exist to Regulate the triggering event on executing a "NSW" is equally Constitutionally Repugnant.

52  Mr. Ferrintino failed, ignored that his Department has a Inadequate format to follow when applying for a "NSW" or adhering to the Triggering event is Constitutionally abharrant and Illegal.

53  Mr Ferrintino Ingnorance of the implications to overthrow/ CEDE the Magistrates order has made him et al. the Magistrate themselves.

54  Mr. Ferrintino Actions/non Actions is that of a Real time witness thus forfeited this Absolute Immunity.

55  Mr Ferrintino actions to all claims herein show that he was Deliberately Indifferent to Plaintiff Absolute Guaranteed Protections of both State/Federal Constitutional Rights.

56  Plantiff Invokes Relate Back Doctrine to Mr. Ferrintino. et al.

PLAINTIFF ARGUES tha All THE DEFENDANTS CONSPIRED TO AND DID TO VIOLATE HIS ABSOLUTE Guaranteed PROTECTED FEDERAL/STATE CONSTITUTIONAL RIGHTS.

57  TROOPER CHRIS MAGUIRE and all Defendants and APPROVED by actions/NON actions to PERJURE on APPLICATION for "ASW".

58  The Application for "ASW" was Rife with PerjurY and all Defendants in the Matter stood DOWN.

59.  Plaintiff assets on facts along w/ Information and belief the following.

60.  Plaintiff who received DiscoverY from Trial Canselor on 2/10/10 Contained Data that On September 5th 2008 CI come foward with Information regarding/accusing Plaintiff of illegal Activity

61.  Even though CI never states (never had) met PersonallY with Plaintiff, befriended, Congregated, witnessed, any activity nor Says how they Knew Plaintiff, or ever been invited to his Residence or Stayed outside residence nor Knew name of Street or description

14

hone until the Police officer with their help located
Plaintiff Residence

62 Upon such actions, Disclosure that only then Did the
Police officers used Physical location to Pull UP (only
One Photo existed)

63 Police assert that this Photo was then divulged to CI-
08 where she has alleged that the Photo was that
of Plaintiff.

64 Photo See EXHIBIT A  states it was Pulled on
almost 2wks before what is stated on Application for
"ASW" (8/28/08) See EXHIBIT A  Page 5 of 8

63 Plaintiff assets that the CI-08 was given the glory
being a Non-existant whistleblower and as Such
All Defendent's Frolicked in these Perjourous actions
and are liable both civilly / criminally.

## V CONSTITUTIONAL VIOLATIONS

66   Plaintiff(s) States herein that his "Rights as shown were
Stolen by Defendants.
   • FEDERAL/STATE SEARCH AND SEIZURE"
   Constitutional Protections were violated
   as described in " IV Facts" The violations
   were of Deliberate Indifference, and Reckless
   Disregard of the U.S. and State Constitution

67   • Procedural Due Process of Equal Protection
   of Plaintiff's 1st, 4th, 5, 8th 14 U.S. constitution
   were stripped illegally from him.

68   • Plaintiff's suffered Cruel and Unusual Punishment
   of his Absolute Guaranteed Protection of his
   right to be covered by both the U.S. and State
   Constitution (U.S. 8th Amendment) by without
   Probable cause illegally Search Seized evidence, and
   using (knowingly or In Ignorance) illegally obtained evidence
   to arrest, detain, limit his Freedom thus triggering
   his 1st, and 5th Amendment Constitutional Protections.

69   • Both A.D.A. SPONSERED such violations and are
   equally Responsible for CONDONING the EVENTS
   ENDURED on Plaintiff.

70   Due to the multiple Constitutional violations by defendants they're not need be Physical Injury be Shown for Plaintiff to Seek Damages.

## CLAIMS FOR DAMAGES

71   Money Damages have been Awarded So as to deter Law Enforcement Misconduct So as to Ensure Protection to US/. State Constitutions.

72   To not would make the FEDERAL/STATE CONSTITUTIONAL meaningless. MONEY DAMAGES is one of other Remedies availible to rectify Untolerable Abominal Acts by Law Enforcement Personal

## COMPENSATORY

$300.00   Reimbursement for Repair/Replacement Of Door that was Smashed by Defendonts

$3,000   Bail Money Put up to being released due to being falsely arrested.

$130.00   Fine for Plaintiffs Dog Biting Defendont Jeff lamm.

## EMOTIONAL/MENTAL STress

_____   Humiliation, shome

17

_____ Idianity
_____ loss of Reputation
Pain and Suffering Emotional Distress
_____ loss of Diminished Earnings
_____ loss of future Prospect of Potential earnings.
_____ Psycological harm (P.T.S.D)

PUNITIVE

Both General and/OR Presumed.

Seeks minimum from each Defendant $333,330.00 to 666,660.00 to Maximum _____ < Via Jury Trial.

Plaintiff Claims all to be true Correct Under Penalty of Perjury.   Respectfully Submitted

ENCLOSED 2 AFFIDAVITS from
• Jennifer Jaring Black
• Justin Castillo
• others Pending.

8 Page EXHIBIT.

1B

# Commonwealth of Pennsylvania

## COUNTY OF LUZERNE



**APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION**

| Docket Number (Issuing Authority): | Police Incident Number: P01-0645775 | Warrant Control Number: |
|---|---|---|

| Tpr. Christopher F. MAGUIRE | Pa. State Police/Troop P Vice | (570) 697-2000 | 02/02/09 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** *(Be as specific as possible)*:
Refer to Continuation Page

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** *(Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.)*:
Refer to Attachment 'A'

ALL PERSONS FOUND ON PROPERTY AND/OR FLEEING FROM PROPERTY DURING THE EXECUTION OF THE SEARCH WARRANT

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** *(If proper name is unknown, give alias and/or description)*:
Mickey CASTILLO, aka "MICK" W/M DOB 10/18/65

| **VIOLATION OF** *(Describe conduct or specify statute)*: Title 35 Section 780-113, Controlled Substance,Drug,Device,and Cosmetic Act | DATE(S) OF VIOLATION: ONGOING |
|---|---|

☒ *Warrant Application Approved by District Attorney – DA File No.* **Approved by A.D.A. Frank McCABE**
*(If DA approval required per Pa.R.Crim.P. 2002A with assigned File No. per Pa.R.Crim.P. 107)*
☐ *Additional Pages Attached (Other than Affidavit of Probable Cause)*
☐ *Probable Cause Affidavit(s) MUST be attached (unless sealed below)   Total number of pages: _____*

**TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED**

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| Signature of Affiant | Pa. State Police/ Troop P Vice and Narcotics | 7877 |
|---|---|---|
| | Agency or Address if private Affiant | Badge Number |

Sworn to and subscribed before me this **2** day of **FEBRUARY 09** Mag. Dist. No. **11-1-06**

*David Barilla* 675 Main St.  Swoyersville **23** (SEAL)
*Signature of Issuing Authority*   *Office Address*

## SEARCH WARRANT
**TO LAW ENFORCEMENT OFFICER:**   WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☒ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **
**12:25 P** M, o'clock **Feb 4** 19 **09**   **DAY TIME**

\* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 2005(d).
\*\* If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 2006(g).

Issued under my hand this **2** day of **FEb** 19 **09** at **12:25 P** COMMONWEALTH OF PENNSYLVANIA

*David Barilla* 11-1-06
*Signature of Issuing Authority*   *Mag. Dist. or Judicial Dist. No.*

DISTRICT COURT 11-1-06
DAVID BARILLA, MAGISTERIAL DISTRICT JUDGE
SWOYERSVILLE BOROUGH, LUZERNE COUNTY
MY COMMISSION EXPIRES JAN. 2, 2012.

Title of Issuing Authority: ☒ District Justice   ☐ Common Pleas Judge   ☐ _____

☐ *For good cause stated in the affidavits(s) the Search Warrant Affidavit(s) are sealed for _____ days by my certification and signature.   (Pa.R.Crim.P. 2011)*

_____ (Date)   (SEAL)
*Signature of Issuing Authority* (Judge of the Court of Common Pleas or Appellate Court Justice or Judge).

AOPC 410A-02-05-99

*(vertical text, right margin)* TO BE COMPLETED BY THE ISSUING AUTHORITY

EXHIBIT A - 1 of 8      42

# Commonwealth of Pennsylvania



## AFFIDAVIT OF PROBABLE CAUSE

## COUNTY OF LUZERNE

| Docket Number (Issuing Authority): | Police Incident Number: P01-0645775 | Warrant Control Number: |
|---|---|---|

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

g. That drug tafffickers must maintain on hand large amounts of U.S. Currency, usually the proceeds of drug transactions, in order to maintain and finance their ongoing drug business. These traffickers will often maintain firearms or other weapons within their residences or on their persons to protect and secure drugs as well as drug proceeds.

h. That a common trait of a drug distribution house is individuals entering the residence, staying for only a short period of time to obtain drugs, then exiting the residence. A secondary trait of Drug Trafficker's is that they will leave their residence, meet with a customer on the street or other secure location and then return to their residence. This is done to protect the location of their residence where drugs and/or drug proceeds are kept. That it is common for both distributors and customers to arrive at, exit, or be present at the drug trafficker's residence during the executions of drug related search warrants. These individuals will often have on their persons drugs and/or U.S. Currency associated with drug trafficking. These individuals will often possess weapons on their persons for the protection of drugs and/or U.S. Currency, which pose a safety issue for law enforcement personnel executing the warrant.

i. That is it common for persons, including drug traffickers, who are present upon the execution of search warrants on residence to flee or attempt to flee from the residence in an attempt to distance themselves from the residence where Narcotics and Drug Proceeds are being sold and stored. Often times, these persons will discard or attempt to discard items such as but not limited to : Drugs, Money, Guns and Paraphernalia in a further attempt to distance themselves from the residence.

3. In January of 2006, Your AFFIANT was interveiwing Confidential Informant 3210-06-0326 in regards to their cooperation. CI at the time, advised Your AFFIANT that they could purchase Cocaine from a W/M known as David William MOYER. In addition, the CI stated that MOYER was always supplied the drugs from a male who lived in Pittston City and that MOYER had been dealing with him for years. On 01/30/06, CI did purchase 3.2 grams of Cocaine Hydrochloride from David William MOYER for Your AFFIANT.

4. In September of 2008, Your AFFIANT met with and interveiwed Confidential Informant 3210-08-0361 in regards to persons they could purchase illegal narcotics from. CI stated that they could purchase Cocaine from a male named David William MOYER, and that they knew who MOYER'S supply was. CI further stated that MOYER'S supplier's name was "MICK", and lived in Pittston City. CI could not recall the street name but stated they could show Your AFFIANT the house, which they did and pointed out 20 Market St., Pittston, Pa. Luzerne County and stated that is where "Mick" lived. CI further stated that MOYER has been supplied by "Mick" for some time.

5. In September 2008, Your AFFIANT with the assistance from the Troop P Wyoming Intelligence Unit searched Law Enforcement databases for the address of 20 Market St. in Pittston City, Luzerne County. Results showed that a Mickey CASTILLO along with Michael CASTILLO (and its variations) lived at 20 Market St. Pittston City, Luzene County. Your AFFIANT then searched databases for a photo of Michael and Mickey CASTILLO. Your AFFIANT only found one photo for Mickey CASTILLO who lived at 20 Market St. Pittston City, Luzerne County Pa. The CI was then shown photos in which they picked out Mickey CASTILLO as "Mick" and the supplier to David MOYER.

I, Tpr Christopher F. MAGUIRE, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Affiant Signature          Date: 02/02/09          Issuing Authority Signature          Date: Feb 2 2009 (SEAL)

2-of-8

45

# Commonwealth of Pennsylvania
## COUNTY OF LUZERNE



### AFFIDAVIT OF PROBABLE CAUSE

| Docket Number (Issuing Authority): | Police Incident Number: P01-0645775 | Warrant Control Number: |
|---|---|---|

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

6. On 09/24/08, CI 3210-08-0361 agreed to conduct a controlled purchase of Cocaine from David MOYER. CI stated that they would meet with MOYER and give him money and that he would then probably go and get the Cocaine and then bring it back to them. The CI was searched with negative findings and then given a pre-determined amount of U.S. currency to purchase Cocaine from MOYER. On this date, CI met with MOYER and gave him the U.S. currency. After receiving the money, PSP members followed MOYER directly to 20 Market St., Pittston City, Luzerne County, Pa. where he entered. After a few minutes, MOYER exited the residence and proceeded directly back to the meeting place with the CI. MOYER met with the CI and an exchange was observed between the two. After the exchange, MOYER departed the area and CI immediately met with Your AFFIANT. Upon meeting, the CI handed Your AFFIANT a clear plastic baggie containing a white powdery substance consistent with Cocaine. (Field test indicated a positive presence for Cocaine) CI was searched again and again was found to be free of any and all contraband.

7. On 10/08/08, CI again agreed to conduct a cotrolled purchase of Cocaine from David MOYER. CI contacted MOYER who in turn gave a meeting location to the CI. CI was then searched with negative findings and then given a pre-determined amount of U.S. currency to purchase Cocaine from MOYER. CI met with MOYER and gave him the U.S. currency. MOYER was then followed directly to 20 Market St. Pittston City, Luzerne County, Pa. where he was observed entering and exiting the residence. After leaving the residence, MOYER was followed again and he proceeded directly to meeting with the CI where he turned over the Cocaine. A short time later, the CI met with Your AFFIANT, (Your AFFIANT had the CI under observation the entire time) and turned over a clear cellophane baggie containing a white powdery substance consistent with Cocaine. A subsequent field test indicated at positive presence for Cocaine.

8. Your AFFIANT anticipates that on 02/02/09, the CI will again contact David MOYER in reference to making a controlled purchase of Cocaine from him and that MOYER in return will go to 20 Market St. Pittston City, Luzerne County, Pa. and purchase Cocaine there and then return to the CI and give CIe the Cocaine purchased. THIS SEARCH WARRANT WILL ONLY BE EXECUTED AND SERVED UPON MOYER GOING TO 20 MARKET ST, PITTSTON CITY, LUZERNE COUNTY, PA ENTER THE RESIDENCE AND THEN EXIT THE RESIDENCE AND RETURN TO THE CI AND SELL CI AN AMOUNT OF COCAINE.

9. Your Affiant based on the facts and circumstances contained with this Affidavit submits: That presently concealed within 20 Market St Pittston City., Luzerne Co., Pennsylvania; and any occupants within, entering or exiting the residence are the contraband and related evidence to be searched for and listed in the search warrant and set for in Attachment 'A' of this Affidavit; and which constitutes violations of Title 35 Section 780-113, The Controlled Substance, Drug, Device, and Cosmetic Act.

I, Tpr. Christopher F MAGUIRE, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| _____ Affiant Signature | 02/02/09 Date | _____ Issuing Authority Signature | Feb 2, 2009 Date | (SEAL) |

3 of 8

47

POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 02/02/09 | OTN/LiveScan Number L463784-6 | Complaint/Incident Number P01-0645775 |
|---|---|---|---|
| Defendant Name: | First: DAVID | Middle: | Last: MOYER |

# AFFIDAVIT of PROBABLE CAUSE

Your Affiant is Tpr. Christopher F. MAGUIRE, a member of the Pennsylvania State Police Vice and Narcotics Unit stationed at PSP Wyoming, Luzerne County, Pennsylvania. Your Affiant has been so employed for the past 12 years. As a member of the Vice and Narcotics Unit, I am empowered to investigate violations of Pennsylvania's Controlled Substance Drug Device and Cosmetic Act Along with other laws of the Commonwealth.

On 02/02/09, Tpr. Joe PRULA was conducting surveillance on a residence at 20 Market St. in Pittston City, Luzerne County. Your AFFIANT has received reports that a Mickey CASTILLO, who owns the residence in question was selling Cocaine from the residence; and on two prior occassions, Your AFFIANT used a Confidential Informant to purchase Cocaine from the DEF. who on each occasion went to 20 Market St. in Pittston City, Luzerne Co. prior to making the delivery of Cocaine to the Informant.   At approx. 1530 hrs. the DEF. who is a known Drug Dealer/user and who is under drivers suspension was observed arriving at the residence and entering same. A short time later, the DEF. exited the residence and drove away. At that time, The DEF. was followed by members of the Troop P Wyoming Vice and Narcotics Unit. Tpr. Jeff LAMM was directly in front of the DEF. with Tpr. Chris O'BRIEN was directly behind the DEF. Tpr. LAMM then observed The DEF. snort a substance while the DEF. was driving. A vehicle stop was conducted and MOYER was taken out of vehicle. After being taken out, MOYER was asked what he had on him, and MOYER responded by saying "You know what I have" and then indicated that he had Cocaine in his pocket. Tpr. KNOTT then removed a clear cellophane baggie containing Cocaine from the DEF.'s front left pocket. The DEF. was then handcuffed and a further search was conducted. On the DEF. was found Crack Cocaine in a pill container attached to the DEF.'s Keys. Also found was s Crack pipe which was located on the DEF. The DEF. was then transported to PSp Wyoming to be processed. While at PSP Wyoming, the DEF. removed more Cocaine from his sock and attempted to swallow said Cocaine.

I, TPR.CHRISTOPHER  MAGUIRE, **BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

_TPR Christopher F Maguire_
(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____ , _____ . _____

_____ Date          _____ , Magisterial District Judge

My commission expires  first Monday of January,

SEAL

*Driver Detail*                                                    *PA Department of Transportation*

| *Driver Demographics* | | *Source: PennDOT IMS* |
|---|---|---|
| **CASTILLO, MICKEY**<br>Driver Name | **21 143 457**<br>Driver License Number | **10/18/1965**<br>Date of Birth |
| **M**<br>Gender | **71**<br>Height (inches) | **(BR) BROWN**<br>Eye Color |
| **20 MARKET ST**<br>**PITTSTON, PA 18640**<br>Driver Address | | <u>Driver History</u> |

| *Driver License* | | | *Source: PennDOT IMS* |
|---|---|---|---|
| **09/16/1989**<br>Issue Date | **01/14/1990**<br>Expiration Date | **00**<br>Duplicate Count | License Class |
| Endorsements | Restrictions | Commercial Restrictions | |

| *Photo History* | *Source: Viisage Corporation Photo Repository* |
|---|---|

**Photo Record (1 of 3)**

**Photo Capture Station Information**



**07/28/2005 15:53:27**      **(040) WILKES-BARRE**
Photo Date                    Location

Operator ID          **03**        **200504003@209036**
                     Station ID   Viisage Control ID

**Driver Information**

**21 143 457**                **10/18/1965**
Driver License Number        Date of Birth

**LUZERNE**
County

**ID ONLY NOT A LICENSE**     **NO**
License Card Type            Organ Donor

5 of 8

71

*Driver Detail*                                                    *PA Department of Transportation*

| *Driver Demographics* | | *Source: PennDOT IMS* |
|---|---|---|
| **MOYER, DAVID WILLIAM** <br> Driver Name | **19 853 157** <br> Driver License Number | **01/22/1962** <br> Date of Birth |
| **M** <br> Gender | **71** <br> Height (inches). | **(BL) BLUE** <br> Eye Color |
| **9 1/2 KIRMAR PARKWAY** <br> **NANTICOKE, PA 18634** <br> Driver Address | | <u>Driver History</u> |

| *Driver License* | | | *Source: PennDOT IMS* |
|---|---|---|---|
| **05/08/2004** <br> Issue Date | **01/23/2008** <br> Expiration Date | **00** <br> Duplicate Count | **(A) COMBINATION VEHICLE. ( ) . (\*)** <br> **COMMERCIAL INDICATOR.** <br> License Class |
| Endorsements Restrictions | | Commercial Restrictions | |

| *Photo History* | *Source: Viisage Corporation Photo Repository* |
|---|---|

*Photo Record (1 of 3)*

*Photo Capture Station Information*



**05/08/2004 15:41:36** <br> Photo Date        **(040) WILKES-BARRE** <br> Location

**JSFETCH** <br> Operator ID        **02** <br> Station ID     **200404002@129084** <br> Viisage Control ID

*Driver Information*

**19 853 157** <br> Driver License Number        **01/22/1962** <br> Date of Birth

**LUZERNE** <br> County

**CDL DRIVER'S LICENSE** <br> License Card Type        **YES** <br> Organ Donor

6 of 8

56



# PSP - Wyoming

**EVENT#:**           830022273

**SID#:**

**NAME:**             DAVID

                      MOYER

**ARREST DATE:**      Feb 2 2009 6:20PM

**AGE AT ARREST:**    47

**HEIGHT:**           510

**WEIGHT:**           150

**HAIR COLOR:**       BROWN

**EYE COLOR:**        BLUE

**LOCAL
ARRESTEE DATABASE**





**FOR INVESTIGATION ONLY
NOT FOR IDENTIFICATION
DESTROY AFTER 90 DAYS**

**Printed PSP Wyoming:  2/2/2009 18:27**

7 of 8

56

SP ?-0051 (3-96)

**PENNSYLVANIA STATE POLICE**
CONTINUATION SHEET ☒
SUPPLEMENTAL INVESTIGATION REPORT ☐

REPORT TYPE
☒ INCIDENT
☐ OTHER

DATE(S)/DA? ?F INCIDENT

TIME(S) OF INCIDENT

INCIDENT NO.
P01-0645775?

JUVENILE ☐

DOMESTIC VIOLENCE ☐

ATTACHMENTS: ☐ MISSING PERSON CHECKLIST

DISP.: ☐ CLEARED BY ARREST ☐ UNFOUNDED ☐ EXCEPTIONALLY CLEARED- DATE

☐ FELONY CRIMES AGAINST THE PERSON ☐ STATEMENT FORM(S)
A ☐ DEATH OF ACTOR D ☐ VICTIM REFUSED TO COOPERATE

☐ VICTIM/WITNESS ASSISTANCE GUIDE RECEIPT ☐ RIGHTS WARNING AND WAIVER
B ☐ PROSECUTION DECLINED E ☐ JUVENILE/NO CUSTODY

☐ PROPERTY RECORD ☐ OTHER
C ☐ EXTRADITION DENIED N ☐ NOT APPLICABLE ☐ MULTIPLE CLEAR-UP

1. ORI/STATION PAPSP9300/WYOMING
2. DATE OF REPORT 02/02/09

3. OFFENSE C.S.D.D.C.A.
4. VICTIM SOCIETY

5. NARRATIVE

LAT 41 16:27.20   LON 75 51:39.45

This incident occurred as the Troop P Vice and Narcotics Unit executed search warrant at the above listed residence.

Assisting with this investigation were the following members: Cpl. Mike MINSAVAGE, Tpr's. Chris O'BRIEN, Joe PRULA, Joe KOEHLER, Jessie KNOTT and Jeff LAMM along with K-9 Handler Tpr. William LANGMAN and K-9 Sarik.

The following is a chronological description of events that occurred.

At approx. 1615 hrs. the Vice/Narcotics Unit executed a search warrant on the residence of Accused #2. Upon making entry one member, Tpr. Jeff LAMM was bitten by a dog located at the residence. After making entry, Accused #2 was taken into custody as well as son Justin CASTILLO, same address as Accused, Jennifer Spring BLACK, 56 Chamberlain St. Apt. #3, Plains, Pa. 18705, W/N/F-01/26/82 and her toddler son, James Patrick BRESLIN, and Peter D. BRESLIN. All persons taken into custody were searched and all were free of any and all contraband. All were interviewed at the scene. BLACK, who shares the same mother as the Accused's son, stated she was there visiting their dog which they are not allowed to have at her apartment. (Separate dog from the biting). P.BRESLIN and his son were there to do work in the residence. BRESLIN stated that he and his son have been painting the inside of the residence for the Accused. NCIC/CLEAN checks were completed on all with negative finding except for P. BRESLIN who is wanted out of Florida but not extraditable. All parties were released at the scene except for the Accused.

A search of the residence netted all items listed on Property Record. The Accused was transported to PSP Wyoming where he was processed according to regulations. The "Buy Money" used in this investigation was recovered from the bedroom of the Accused #2. A copy of the search warrant along with a List of items seized was left at the residence.

Once back at PSP Wyoming all evidence was packaged according to regulations and entered into evidence under Property # P1-758098D. Entry was made by Tpr. Chris O'BRIEN and Jeff LAMM. Entry was made at 2000 hrs. A Forensic Analysis Request was also requested and submitted with evidence.

Charges were completed for Accused #1 and #2 and were approved by Luzerne County A.D.A. Jarrett FARRENTINO. Both Accused were transported by PSP Wyoming Patrol members and arraigned in front of D.J. AMESBURY. (Refer to supplemental report prepared by Tpr. Truman BRANDT)

Attached to the station copy of this report is Property Record, Search Warrant, copy of Receipt/Inventory, Charges, and Criminal History for Accused.

Stat/Narc report will be completed once Lab Analysis is completed. The "Buy Money" that was located in Accused #2's residence was placed back into R/T's PSP account.

Report will remain open pending disposition of charges.

6. OFFICER'S NAME/SIGNATURE Tpr. Christopher F. MAGUIRE
BADGE NO. 7877
7. INVEST. RECM. ☒ CONT. ☐ TERM.
8. SUPV. INIT./BADGE NO.
9. ☒ CONCUR ☐ NONCONCUR
10. PAGE 13

STATION