IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICKEY CASTILLO      :
           : CIVIL NO.  3: 13-CV-2953
    Plaintiff,     :
           :
vs.          : (JUDGE MARIANI)
           : (MAG. JUDGE SCHWAB)
TRP. CHRISTOPHER MAGUIRE, et al. :
           :
    Defendants:   : (ELECTRONICALLY FILED)

**DEFENDANTS' MACABE AND FERENTINO'S BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT (DOC. 42)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................... i

TABLE OF CITATIONS ................................................. ii-v

I.     PROCEDURAL HISTORY ........................................ 1

II.    STATEMENT OF FACTS ........................................ 3

       A. Facts as alleged in the Complaint ........................................ 3

III.   STATEMENT OF THE QUESTION PRESENTED ................. 5

IV.   LAW AND ARGUMENT ........................................ 5

       A.     THE LEGAL STANDARD ................................. 5

       B.     PLAINTIFFS' COMPLAINT FAILS TO STATE
             A CLAIM UPON WHICH RELIEF CAN BE
             GRANTED........................................................... 6

       C.     ABSOLUTE PROSECUTORIAL IMMUNITY
             BARS CASTILLO'S CLAIMS AGAINST MCCABE
             AND FERENTINO FOR APPROVAL OF THE
             SEARCH WARRANT WHICH IS THE SUBJECT
             OF HIS CLAIM............................................... 8

       D.     CASTILLO'S CLAIMS FOR UNLAWFUL
             SEARCH IS TIME-BARRED AND HE HAS FAILED
             TO ASSERT ANY BASIS FOR RELIEF FROM THE
             STATUTE OF LIMITATIONS....................................... 12

V.     CONCLUSION ........................................ 17

# TABLE OF CITATIONS

## CASES

Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,
499 F.3d 663, 667 (7th Cir. 2007).......................................... 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955,
167 L.Ed. 2d 929 (2007) ...................................................... 5, 6

Board of Regents v. Tomanio, 446 U.S. 478 (1980) ......................... 15

Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003)....................... 16

Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606,
125 L.Ed. 2d 209 (1983) ....................................................... 8

Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.
2d 547 (1991) .................................................................... 8, 9

Capogrosso v. Sup. Ct. Of N.J., 588 F.3d 180, 184 (3d Cir. 2009).... 7

City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259
(3d Cir. 1998)...................................................................... 8

Dique v. N.J. State Police, 603 f.3d 181, 188 (3d Cir. 2010) ........... 14

Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197,
167 L.Ed. 2d 1081 (2007) ..................................................... 6

Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir. 1979) ..................... 9, 11

Galiardi v. Lee, 154 F. App'x 317, 319 (3d Cir. 2005) .................... 11

Groff v. Eckman, 525 F. Supp. 375 (E.D. Pa. 1981) ........................   10

Haines v. Kerner, 404 U.S. 519, 520 (1972).......................................   6

Hampton v. Holmesburg Prison Officials, 1546 F.2d 1077,
1082 (3d Cir. 1976) .........................................................................   12

Hardin v. Straub, 490 U.S. 536, 539 (1989) ......................................   15

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) .........................   6, 7

Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48
(3d Cir. 1999) ..................................................................................   6

Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995,
47 L.Ed. 2d 128 (1976)....................................................................   10

Innis v. Wilson, 2009 WL 1608502 *2 (3d Cir. 2009) ....................   12

Island Insteel Systems v. Waters, 296 F.3d 200, 210 n. 4
(3d Cir. 2002)...................................................................................   15

Kost Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) .........................   5

Lokuta v. Sallemi, 2013 WL 5570227 (M.D. Pa. 2013).................   11

Mitchell v. Forsyth, 453 U.S. 913, 101 S.Ct. 3147,
69 L.Ed. 2d 997 (1981) ...................................................................   9

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ...............................   6

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,
1385 n. 1 (3d Cir. 1994) ..................................................................   13

iii

Panayotides v. Rabenold, 35 F. Supp. 2d 411, 416
(E.D. Pa. 1999) ................................................................ 9

Phillips v. County of Allegheny, 515 F.3d 224, 234
(3d. Cir. 2008) .................................................................. 5

Pruden v. Long, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439,
*1 (M.D. Pa. Oct. 24, 2006).............................................. 7

Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561
(1976) ............................................................................... 12

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)............ 12

Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582,
599 (3d Cir. 1998)............................................................. 14

Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004)............................ 16

Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014)............................. 8

Seitzinger v. Reading Hospital and Medical Center,
165 F.3d 236 (3d Cir. 1999) ............................................. 16

Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 758 (7th Cir. 1988) ....... 7

Tate v. Grose, 412 F. Supp. 487 (E.D. Pa. 1976)............................ 10

Walker Process Equipment Co. v. Food Machinery & Chemical
Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed. 2d 247 (1965) .......... 10

Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091,
166 L.Ed. 2d 973 (2007).................................................... 13

Woodson v. Payton, 503 F. App'x 110, 112 (3d Cir. 2012) ..........    14

**STATUTES**

*Fed. R. Civ. P. 12(b)(6)* ......................................................    5

Pa. R. Cim. P. No. 202(A) ................................................    9

I.    **PROCEDURAL HISTORY**

On or about December 9, 2013, Plaintiff filed a pro se Complaint against the following individuals: Pennsylvania State Troopers Christopher Maguire, Mike Minsavege, Chris O'Brien, Joe Prula, Joe Kochler, Jessie Knott, Jeff Lam, William Langman[1] and the Moving Defendants Jarrett Ferentino and Frank McCabe, alleging that his civil rights were violated.

On December 16, 2013, Summons were issued to All Defendants.

On April 4, 2014, Plaintiff an Amended Complaint against the PSP Defendants (Doc. 10).  On May 15, 2014, the PSP Defendants filed a Motion to Dismiss said Amended Complaint.  On July 23, 2014, Plaintiff filed his brief in opposition to the PSP Defendants' Motion to Dismiss.

On December 2, 2014, this Honorable Court issued a Report and Recommendation (Doc. 25) that the PSP's Motion to Dismiss be denied and that Plaintiff be granted leave to file an Amended Complaint.  Plaintiff filed Objections to this Report on December 16, 2014.

_____

[1] Defendants Maguire, Minsavege, O'Brien, Prula, Kochler, Knott, Lam and Langman will hereinafter be referred to as "PSP Defendants".

1

On January 2, 2015, Plaintiff filed an Amended Complaint (Doc. 27) against the PSP Defendants and on January 9, 2015, the PSP Defendants' filed a motion for enlargement of time to respond to said Amended Complaint.

On January 9, 2015, this Honorable Court issued an Order overruling Plaintiff's Objections to the Report and Recommendation (Doc. 25) and adopted the Report.

On February 13, 2015, the PSP Defendants filed an Answer to Plaintiff's Amended Complaint (Doc. 27).

On March 10, 2015, this Honorable Court issued an Order directing Plaintiff to file a second amended complaint on or before April 10, 2015.

On April 10, 2015, Plaintiff filed an Amended Complaint (Doc. 42) against all Defendants.   On April 13, 2015, an Order was issued directing the Clerk to send Waivers to Defendants.

On April 16, 2015, the PSP Defendants returned their Waivers of Service thereby making their responsive pleading due on or before June 12, 2015.

On May 7, 2015, Moving Defendants filed their Waivers of Service thereby making their responsive pleading due on or before June 12, 2015.

On June 12, 2015, Defendants Ferentino and McCabe filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 42) pursuant to F.R.C.P. No.

12(b)(6) on the grounds that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.  This brief is filed in support of that motion to dismiss.

## II.   STATEMENT OF FACTS

### A.  Facts as alleged in the Complaint

Plaintiff has filed a pro se civil rights Complaint against the PSP Defendants and Moving Defendants McCabe and Ferentino alleging that his civil rights were violated on or about February 2, 2009.  Plaintiff alleges that the PSP Defendants sought the issuance of an "anticipatory search warrant" from District Justice David Barilla to search Plaintiff's home and served same on Plaintiff (Doc. 42 at ¶13-14). The PSP Defendants executed the search warrant on February 2, 2009 (Doc. 42 at ¶19).

Plaintiff alleges that his counsel "told him the search warrant was valid and there was nothing he could do about it" (Doc. 42 at ¶20).  It should be noted that Plaintiff does not indicate who his counsel was at this time.  Plaintiff alleges that his counsel was "derelict in his duties" for "failing to tell Plaintiff" that the search warrant was not validly obtained (Doc. 42 at ¶21).

Plaintiff alleges that it was not until the Spring of 2012 that he realized that the "search warrant was invalid" (Doc. 42 at 23).

Plaintiff alleges he filed a PCRA with the Pennsylvania courts which is pending at this time (Doc. 42. at ¶s 24-25).

Plaintiff alleges that Defendant McCabe signed off on the anticipatory search warrant (Doc. 42 at ¶39) and that he should have know that the application for the warrant lacked probable cause (Doc. 42 at ¶41). Plaintiff further alleges that Defendant McCabe's actions "triggers the deliberate indifference to Plaintiff's constitutional rights" (Doc. 42 at ¶43).

Plaintiff alleges Defendant Ferentino was a direct and indirect witness to the events of February 8, 2009 as a supervisor (Doc. 42 at ¶45). Plaintiff further alleges that Ferentino "ceded/overthrew the magistrate's stricts [sic] stipulation of the triggering event constitutionally required" (Doc. 42 at ¶46).

Plaintiff further alleges that Defendant Ferentino was the "man behind the scene" and that there was "some kind of in-house policy of such matters" (Doc. 42 at ¶51).

Plaintiff alleges that Defendant Ferentino failed and/or ignored "that his department has a inadequate format to follow when applying for an "ASW" (Doc. 42 at ¶52) and that Ferentino was "deliberately indifferent to Plaintiff's . . . Constitutional rights" (Doc. 42 at ¶55).

4

III.   **STATEMENT OF THE QUESTION PRESENTED**

**WHETHER PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

(Suggested Answer: In the Affirmative)

IV.   **LAW AND ARGUMENT**

**THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A.   **THE LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim of relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of' "each necessary element, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556); *see also* Kost Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8 (a)(2), that statement need only "'give the

5

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007) (per curium) (quoting <u>Twombly</u>, 550 U.S. at 555.  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8."  <u>Philips</u>, 515 F.3d at 232; *see also* <u>Airborne Beepers & Video, Inc. v. AT&T Mobility LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).

### B.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Castillo is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court.  This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Paradus</u>, 511 U.S. 89, 94 (2007) (internal quotation omitted); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'" <u>Higgins v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002) (quoting <u>Holley v. Dep't of Veterans Affairs</u>, 165 F.3d 244, 247-48 (3d Cir. 1999)).  *See also* <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) ("Since

this is a §1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." (quoting Higgins, 293 F.3d at 688).  However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure.  Pruden v. Long, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Undoubtedly, the pleading standards governing evaluation of *pro se* submissions generally, and initial complaints in particular, are designed to ensure that the unrepresented have an opportunity to assert legitimate constitutional grievances.  But in a desire to effect justice by affording an uncounseled plaintiff leeway in pleading his case, a court must be mindful to work with what the complaint reasonably provides; it cannot stretch the obligation of lenience to its breaking point.  *Cf.* Capogrosso v. Sup. Ct. Of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*) (inferences drawn in plaintiff's favor must be reasonable); Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 758 (7th Cir. 1988) ("Although a district court must give such pleadings a liberal construction, this does not mean that the district court must invent factual scenarios that cannot be reasonably inferred from the pleadings.").

**C.    ABSOLUTE PROSECUTORIAL IMMUNITY BARS CASTILLO'S CLAIMS AGAINST MCCABE AND FERENTINO FOR APPROVAL OF THE SEARCH WARRANT WHICH IS THE SUBJECT OF HIS CLAIM.**

Based upon its prior Report and Recommendation,[2] this Court is well versed in the allegations which Castillo has advanced against ADAs McCabe and Ferentino.  The Court has also acknowledged its prerogative to consider certain documents in disposing of a motion to dismiss filed pursuant to F.R.C.P. No. 12(b)(6).[3]

The ADA Defendants assert that absolute prosecutorial immunity shields them from suit on all counts.  "Acts undertaken by a prosecutor for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed. 2d 209 (1983).  In contrast, a prosecutor acting as an administrator or investigative officer rather than an advocate is cloaked only with qualified immunity, rather than absolute immunity.  Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.

---

[2]  Document 25 filed on December 20, 2014.

[3]  It is well-settled in this Circuit that matters of public record may be considered without converting a motion to dismiss into one for summary judgment.  Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014).  Official court dockets and information contained in court files are matters of public record of which the court can take judicial notice.  See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).

2d 547 (1991). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." <u>Burns</u>, 500 U.S. at 492-96, 111 S.Ct. 1934.

In this case, Castillo maintains that ADA McCabe signed off on the "constitutionally defective" search (Doc. 42 at ¶11) and that Ferentino is liable for McCabe's conduct because he was acting as his supervisor.

District Attorney approval of search warrants is specifically authorized by Pa. R. Cim. P. No. 202(A).[4] The Amended Complaint fails to allege a single fact that McCabe or Ferentino either directed or participated in the investigation which led to the preparation of the warrant. To the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution, it is encompassed with the protected, quasi-judicial immunity afforded to the decision itself." *See* <u>Forsyth v. Kleindienst</u>, 599 F.2d 1203, 1215 (3d Cir. 1979), *cert. denied, sub nom.* <u>Mitchell v. Forsyth</u>, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed. 2d 997 (1981); <u>Panayotides v. Rabenold</u>, 35 F. Supp. 2d 411, 416 (E.D. Pa. 1999) (holding prosecutors enjoy immunity from investigatory acts taken

---

[4] Rule 202. Approval of Search Warrant Applications by Attorney for the Commonwealth - Local Option.

(A) The district attorney of any county may require that search warrant applications filed in the county have the approval of an attorney for the Commonwealth prior to filing.

9

to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution), *aff'd* 210 F.3d 358 (3d Cir. 2000).

Allegations that fail to delineate any semblance of a factual predicate identifying investigative activities by prosecutor defendants are insufficient to state a claim under Section 1983. *See, e.g.*, the holding in Groff v. Eckman, 525 F. Supp. 375 (E.D. Pa. 1981), where the Court held:

> Defendant Buckwalter, named in plaintiff's complaint as a Lancaster County district attorney, asserts that he is, in fact, a judge in that county and cloaked with judicial immunity. However, for present purposes we assume the veracity of plaintiff's allegations, Walker Process Equipment Co. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed. 2d 247 (1965), and analyze the claims against him as if he were a prosecutor. The allegations against him and defendant Attorney Crosswell appear to assert that they merely "caused to issue a search warrant and a search of plaintiff's property." This complained-of conduct is no more than "initiating a prosecution and presenting the state's case (which is) immune from civil suit for damages under Section 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed. 2d 128 (1976). Accordingly, assuming that defendant Buckwalter is a prosecutor and not a judge, his actions and those of defendant Crosswell are immune from suit under Section 1983 and will be dismissed. Tate v. Grose, 412 F. Supp. 487 (E.D. Pa. 1976).

Groff, *supra*, 525 F. Supp. at 376, 377. Additional support for the proposition that McCabe and Ferentino are entitled to absolute immunity can be found in the Third

Circuit's holding in the case of Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir.

1979).  In *Forsyth*, the Court acknowledged, "that to the extent that the securing of

information is necessary to a prosecutor's decision to initiate a criminal

prosecution, it is encompassed within the protected, quasi-judicial immunity

afforded to the decision itself." Forsyth, *supra*, 599 F.2d at 1215.[5]

Finally, on the liability of ADA Ferentino, the Amended Complaint falls

woefully short of establishing a factual predicate to justify the case proceeding as

to him.

It is well established that personal liability under section 1983 cannot be

imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g.*,

_____

[5]  *See, also,* Lokuta v. Sallemi, 2013 WL 5570227 (M.D. Pa. 2013) for the well-settled
principle that securing evidence necessary to the determination as to whether to initiate a criminal
prosecution is entitled to absolute immunity:

> Absolute immunity can also apply to actions preliminary to the initiation of
> prosecution and actions apart from the courtroom, as immunity "extends to the
> preparation necessary to present a case, and this includes the obtaining, reviewing,
> and evaluation of evidence."  Kulwicki, 969 F.2d at 1465 (citations and quotations
> omitted).  And "even interviews generating evidence to be presented to a grand
> jury are absolutely protected."  *Id*.  Here, JCB Defendants are entitled to absolute
> immunity regarding which witnesses were interviewed (and the timing of these
> interviews) because this involved "an investigation undertaken to determine
> whether to initiate a ... prosecution."  Galiardi v. Lee, 154 F. App'x 317, 319 (3d
> Cir. 2005) (citing Forsyth v. Kleindienst, 599 F.2d 1203, 1215-16 (3d Cir. 1979));
> *see also* Odd, 538 at 208 ("immunity attaches to actions 'intimately associated
> with the judicial phases of litigation,' but not to administrative or investigatory
> actions unrelated to initiating and conducting judicial proceedings.").

Lokuta, *supra* (Opinion attached pursuant to M.D. L.R. 7.8(a)).

Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Hampton v. Holmesburg Prison Officials, 1546 F.2d 1077, 1082 (3d Cir. 1976); Parratt, *supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a §1983 case and that a complaint must allege such personal involvement.  *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiffs's claims are based.  *Id*.; Innis v. Wilson, 2009 WL 1608502 *2 (3d Cir. 2009); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Amended Complaint falls far short of identifying any conduct on the part of ADA Ferentino that would implicate a violation of Castillo's constitutional rights.

Accordingly, the Amended Complaint must be dismissed as to him even if the Court were to find that it is premature to dismiss on the basis of absolute prosecutorial immunity.

### D.   CASTILLO'S CLAIMS FOR UNLAWFUL SEARCH IS TIME-BARRED AND HE HAS FAILED TO ASSERT ANY BASIS FOR RELIEF FROM THE STATUTE OF LIMITATIONS.

The statute of limitations defense is an appropriate ground for a Federal

Rule of Civil Procedure 12(b)(6) dismissal.   "While the language of the Federal Rule of Civil Procedure 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n. 1 (3d Cir. 1994).  It is clear from the Complaint that Plaintiff has not complied with the statute of limitations.

The docket entries in this case reflect that the original complaint was filed on December 9, 2013.  The Amended Complaint establishes that the search warrant which forms the basis of this action was executed on February 2, 2009 (Doc. 42 at ¶13; Exhibit 1), nearly five (5) years prior to the institution of suit.  Clearly, any claim associated with the unlawful search is time-barred.

In Section 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed. 2d 973 (2007).  In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years.  *See* 42 Pa. Cons. Stat. §5524.  The limitations period begins to run from the time "the plaintiff knew or should have know of the injury upon which

[his] action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

The Amended Complaint reflects that the search and entry of Plaintiff's home took place on February 2, 2009. At that point, plaintiff's claims based on that search had accrued, and he was or should have been aware of the facts giving rise to that search. See Dique v. N.J. State Police, 603 f.3d 181, 188 (3d Cir. 2010) (holding that fourth amendment claim accrued at the time of the seizure); see also Woodson v. Payton, 503 F. App'x 110, 112 (3d Cir. 2012) ("Here, Woodson's §1983 claim accrued when the search and seizure occurred on October 8, 2009- in other words, the moment that Woodson indisputably knew about the alleged faults of search and seizure.") (per curiam).

This Honorable Court noted in its Report and Recommendation the potential application of the statute of limitations but stated that it was unclear as to the potential application of tolling principles based upon its reading of the Complaint. However, Castillo has filed an Amended Complaint which establishes that his claims are indeed time-barred.

The only conceivable basis that Castillo has plead that would support a determination that the statute of limitations should be tolled is set forth in paragraphs 21 and 22 of his Amended Complaint in which he generally asserts

that his counsel was derelict in his duties for failing to tell Castillo that the anticipatory search warrant was not validly obtained.  Castillo goes on to say that it was not until the Spring of 2012 that he made the discovery that the search warrant was improperly issued using probable cause that was stale (Doc. 42 at s 22-23).  Under either Pennsylvania or federal jurisprudence governing tolling principles these contentions fall far short of affording Castillo any relief.

As stated above, a Section 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises.  The general rule is that state tolling principles also govern Section 1983 claims.  Hardin v. Straub, 490 U.S. 536, 539 (1989); Island Insteel Systems v. Waters, 296 F.3d 200, 210 n. 4 (3d Cir. 2002).  That rule is not absolute, however.  Where state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances.  Board of Regents v. Tomanio, 446 U.S. 478 (1980) (explaining that "federal courts [may] ... disregard an otherwise applicable state rule of law only if the state law is inconsistent with the Constitution and laws of the United States."

In the instant case, there is no justification based on the most liberal construction of the Amended Complaint to apply either Pennsylvania or federal equitable tolling principles to defeat the statute of limitations.  Specifically,

"Attorney error, miscalculation, inadequate research, or other mistakes have not

been found to rise to the 'extraordinary' circumstances required for equitable

tolling." Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003).  Moreover, a

finding of attorney malfeasance, standing along, does not warrant equitable

tolling.  Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004).  Rather, the court also

must "examine the petitioner's due diligence in pursuing the matter on the specific

circumstances he faced." *Id*. In Seitzinger v. Reading Hospital and Medical

Center, 165 F.3d 236 (3d Cir. 1999), a Title VII plaintiff asked her attorney prior

to the expiration of the applicable period of limitations whether he had filed a

complaint on her behalf. *Id*. at 238.  The attorney falsely represented that he had

done so when, in fact, he did not file the complaint until one day after the

expiration of the time period. *Id*.  The Third Circuit Court of Appeals held that the

attorney's affirmative misrepresentation to his client, along with the plaintiff's

diligence in pursuing her claim, and the absence of prejudice to the defendant,

"created a situation appropriate for tolling." *Id*. at 242.  In a later case, Schlueter

v. Varner, *supra*, the Third Circuit Court of Appeals found that equitable tolling

was not warranted even though counsel represented that he planned to file a PCRA

petition, but did not.  Schlueter, 384 F.3d at 76-77.  The court concluded that the

petitioner failed to exercise reasonable diligence when he did not contact counsel

16

to confirm that he had, in fact, taken the promised action.  *Id*.

In the present case, Castillo has failed to allege that he exercised reasonable diligence in pursuing a constitutional claim for the unlawful search.  He missed the statute of limitations by nearly 3 years.  Based upon a reading of the Amended Complaint itself, the uncontroverted facts establish that the search took place February 2, 2009.  There is simply no basis to excuse the application of the statute of limitations under either Pennsylvania jurisprudence or federal equitable tolling principles.

Accordingly, ADAs McCabe and Ferentino respectfully pray that the Amended Complaint be dismissed based upon the two year statute of limitations.

## V.    CONCLUSION

Based upon the foregoing, Moving Defendants McCabe and Ferentino respectfully request that their Motion be Granted and that Plaintiffs' Amended Complaint, as it pertains to them, be dismissed in its entirety.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

s/Sean P. McDonough

By:    _____

Sean P. McDonough, Esquire
Attorney for Defendants Macabe &
Ferentino

17

PA ID# 47428
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com

## CERTIFICATE OF WORD COUNT

I, Sean P. McDonough, Esquire, Attorney for Defendants, hereby certificate that the word count of this brief, including footnotes, does not exceed the limits imposed by L.R. 7.8(b)(2).  The total word count for this brief is 4,796.


Date: June 26, 2015                    s/ Sean P. McDonough
                                       Sean P. McDonough, Esquire

## CERTIFICATE OF SERVICE

I, SEAN P. McDONOUGH, ESQUIRE, hereby certify that on the 26th day of June,  2015, I served the foregoing BRIEF IN SUPPORT OF DEFENDANTS MCCABE AND FERENTINO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Doc. 42) upon the persons indicated below as follows:

Via U.S. First Class Mail, postage prepaid;

Mickey Castillo
222 Bowman Street
Wilkes-Barre, PA 18702

Via electronic filing

Maryanne M. Lewis, Esquire
Office of the Attorney General
Civil Litigation Section
Strawberry Square, 15th Floor
Harrisburg, PA 17120
mlewis@attorneygeneral.gov

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

s/Sean P. McDonough
_____

SEAN P. McDONOUGH, ESQUIRE
Attorney for Defendants Macabe & Ferentino
PA ID# 47428
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011     Fax (570) 347-7028
smcdonough@dlplaw.com

20