THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICKEY CASTILLO,                        :
                                        :
                    Plaintiff,          :        3:13-CV-2953
        v.                              :
                                        :        (JUDGE MARIANI)
TRP. CHRISTOPHER MAGUIRE, *et al.*,     :        (Magistrate Judge Schwab)
                                        :
                    Defendants.         :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") by Magistrate

Judge Susan Schwab recommending that the Motion for Summary Judgment (Doc. 142),

filed by Defendants Knott, Koehler, Lamm, Langman, Maguire, Minsavage, O'Brien, and

Prula, be granted because Plaintiff Mickey Castillo failed to file his complaint within the

applicable statute of limitations. (Doc. 151). Plaintiff filed Objections (Doc. 152) and a brief in

support of the Objections (Doc. 153), to which Defendants filed a responsive brief (Doc. 153).

### II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including

evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C.

§ 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's

Report and Recommendation, the District Court "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Plaintiff's brief in support of his Objections first argues that Magistrate Judge Schwab "erred in failing to accept all factual allegations in the Plaintiff's verified Third Amended Complaint as true" and in "failing to construe the Plaintiff's verified Third Amended Complaint in a light favorable to the Plaintiff" (Doc. 153, at 4).  Within this argument, Plaintiff also asserts that Magistrate Judge Schwab erred in deeming the Defendants' statement of material facts as admitted (*id*. at 4-5).

Federal Rule of Civil Procedure 56 requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or . . .  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may take several actions, including "consider[ing] the fact undisputed for purposes of the motion" or

2

"grant[ing] summary judgment if the motion and supporting materials – including the facts

considered undisputed – show that the movant is entitled to it."  *Id*. at 56(e)(2)(3).

The Middle District of Pennsylvania has further promulgated local rules which must

be followed when filing, and opposing, a motion for summary judgment pursuant to Rule 56.

In particular, M.D. Pa. Local Rule 56.1 provides in relevant part:

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

M.D. Pa. L.R. 56.1.  As the Third Circuit has explained with respect to this local rule:

> Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District. As opinions from that Court have explained, the Rule "is essential to the Court's resolution of a summary judgment motion" due to its role in "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Kramer v. Peerless Indem. Ins. Co.*, No. 3:CV-08-2096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010); *see also Hartshorn v. Throop Borough*, No. CIV.A. 3:07-CV-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) ("The purpose of this rule is to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." (internal quotation marks omitted) ). Accordingly, the District Court is in the best position to determine the extent of a party's noncompliance with Local Rule 56.1, as well as the appropriate sanction for such noncompliance.

*Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d 604, 613 (3d Cir. 2018).

Here, Plaintiff argues that Magistrate Judge Schwab "erred in failing to consider the Plaintiff's 10 page Response to the Defendants' Statement of Undisputed Material Facts (Doc. 146), which set forth specific facts in dispute between the parties, barring summary judgment." (Doc. 153, at 8). To "illustrate" this argument, Plaintiff cites to his Response, specifically quoting portions of ¶¶ 11-15, 19, 37, 39, 47, 48, 53, 55, 57, 68, 70. (Doc. 153, at 8-13).

Plaintiff's Objection is without merit. Whereas Defendants' Statement of Material Facts cites to specific portions of the record in support of each statement of material fact, including but not limited to the page and line number of the depositions of witnesses, paragraph number of Affidavits relied upon, and page number of various other documents, (*see* Doc. 143, ¶¶ 1-70), Plaintiff's "Response" to Defendants' Statement of Material Facts is devoid of any citation to a specific or particular part of the record. Instead, Plaintiff's Response relies only upon broad and vague citations to the record in support of his unsupported factual assertions. Plaintiff "denie[s] as stated" most of Defendants' statements of material facts, citing to "Plaintiff's complete Interrogatory answers, the answers of the Plaintiff and his witnesses in their Oral Depositions, along with the Complaint and Exhibits filed by the Plaintiff in opposition to the Defendants' Motion for Summary Judgment" (*see* Doc. 146, at ¶¶ 11-15, 19, 37-39, 47, 48, 52, 53, 55-57, 68, 70). Plaintiff's

responses do nothing to further point the Court to the evidentiary basis for Plaintiff's denials[1]

and factual assertions.

Plaintiff also argues that the Magistrate Judge "erred in failing to treat the Plaintiff's

*pro se* Third Amended Complaint as an affidavit in opposition to summary judgment." (Doc.

153, at 8). However, the Magistrate Judge specifically addressed this issue in the R&R,

acknowledging that "[w]e may treat a verified complaint as an affidavit in opposition to

summary judgment" but explaining that "Castillo does not orient us to any particular part of

his complaint" and therefore "the same citation deficiency that plagues Castillo's general

citation to the record also afflicts his citation to his verified complaint." (Doc. 151, at 9 n.2).

In support of his objection, Plaintiff merely cites the same cases as those set forth in the

R&R for the proposition that a verified complaint serves as an affidavit opposing summary

judgment. (*See* Doc. 151, at 9 n. 2 (R&R citing *Behler v. Barbeau*, 2020 WL 3172704 (M.D.

Pa. 2020); *Reese v. Sparks*, 760 F.2d 64 (3d Cir. 1985)); Doc. 153, at 8 (Plaintiff's brief in

support of Objections citing same cases)). However, Plaintiff does not dispute that he failed

to cite to any portion of his verified complaint or otherwise orient this Court to what specific

portion of the complaint he believes creates a material dispute of fact. This flaw is fatal to

Plaintiff's argument. *See e.g. Smith v. Virgin Islands Port Auth.*, 457 F.App'x 183, 187-188

---

[1] At best, Plaintiff further references "Plaintiff's testimony" as to certain issues, but without any specific quotation to the testimony or citation to the record. (*See e.g.* Doc. 146, at ¶ 39, 57, 68, 70). This is insufficient to meet Rule 56(c)'s requirement that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" and the requirements of M.D. Pa. Local Rule 56.1.

(3d Cir. 2012) ("Moving last to the District Court's 2010 summary judgment order, we find no error. First, Smith submits that the Court erred in regarding VIPA's statement of facts as undisputed, because her verified complaint served as an affidavit for summary judgment purposes. . . However, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. Fed.R.Civ.P. 56(c)(1)(A). The District Court adhered to Rule 56 and local rule 56.1, finding that Smith's complaint failed to reference specific evidence in the record or any of her voluminous attachments. We, like the District Court, see no reason to excuse this noncompliance.").  Further, the Court is not required to consider the portions of Plaintiff's verified complaint that are speculative and not based on personal knowledge or supported by any record evidence.  *See Porter v. Penn. Dep't of Corr.*, 974 F.3d 431, 443 (3d Cir. 2020) ("We 'consider as affidavits [Plaintiff's] sworn verified complaints, to the extent that they are based upon personal knowledge and set out facts that would be admissible in evidence.'") (quoting *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 100 n.1 (3d Cir. 2017) (citing Fed. R. Civ. P. 56(c)(4) & *Reese*, 760 F.2d at 67)).  *See also, Behler*, 2020 WL 3172704, at * 7 ("Plaintiff's complaint is verified and, therefore, may be treated as an affidavit in opposition to summary judgment. . .  This Court, however, is not required to

accept unsupported, self-serving testimony as evidence sufficient to create a jury question.")(internal citations and quotation marks omitted).[2]

As a result, and for the reasons set forth by Magistrate Judge Schwab (Doc. 151, at 7-10), the Court agrees with the R&R's determination that Defendants' Statement of Material Facts (Doc. 143) should be deemed admitted in their entirety. The Court further finds that the Magistrate Judge did not err in not considering Plaintiff's verified complaint in its entirety where Plaintiff did not point to any particular portion of the complaint in support of his assertion that genuine disputes of fact existed or provide any evidence to support the assertions set forth therein, to the extent that the assertions were not based on personal knowledge.

Castillo further objects to the R&R, arguing that his claims are not barred by the statute of limitations. (Doc. 153, at 15).

Preliminarily, Plaintiff does not dispute that his cause of action is brought under the Fourth Amendment for unlawful seizure and false arrest. (*See* Doc. 151, at 15 (R&R explaining that "[w]hile Castillo variously frames [his] allegations as violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, we construe Castillo's third amended complaint as attempting to state a claim for a violation of his Fourth Amendment

---

[2] For example, Plaintiff asserts that Magistrate Judge Schwab "erred in failing to accept the Plaintiff's well-pleaded complaint that the actions of the State Police defendants, in their totality, constituted intentional, wrongful, malicious acts, done under the color and pretense of state law" (Doc. 153, at 13). This cited statement does not set forth a factual dispute but instead consists of a purely self-serving legal conclusion by Plaintiff.

rights under theories of unlawful seizure and false arrest."); Doc. 153, at 2 (Plaintiff's brief in support of his Objections summarizing his Third Amended Complaint as alleging under § 1983 "that the Pennsylvania State Police defendants, lacking probable cause, conducted an illegal search of his home on February 2, 2009, resulting in his false arrest on May 8, 2009 on drug charges in Pennsylvania State Court.")).  Nor does Plaintiff object to the R&R's determination that a two-year statute of limitations applies to his § 1983 claims.

However, Plaintiff argues that "under the discovery rule this Honorable Court should not dismiss the suit on grounds of limitation because the Plaintiff is blameless" in failing to timely discover the alleged violation(s) (Doc. 153, at 22; *see generally, id.* at 15-22).

The Pennsylvania Supreme Court recently clarified the proper application of the discovery rule:

> Various doctrines can save suits that would be otherwise untimely. . . The first, the discovery rule, "tolls the statute of limitations when an injury or its cause is not reasonably knowable." *In re Risperdal Litig.*, -- Pa. --, 223 A.3d 633, 640 (2019). The purpose of this rule is clear: to "ensure that persons who are reasonably unaware of an injury that is not immediately ascertainable have essentially the same rights as those who suffer an immediately ascertainable injury." *Nicolaou* [*v. Martin*, 195 A.3d 880, 892 n.13. (Pa. 2018)]. The plaintiff's inability to know of the injury must be "despite the exercise of reasonable diligence[.]" *Fine* [*v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)]. This "is not an absolute standard, but is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised." *Id.*
>
> In *Wilson* [*v. El-Daief*, 964 A.2d 354 (Pa. 2009)], we explained that two competing approaches have developed to the discovery rule. The more liberal approach, favorable to plaintiffs, "key[s] the commencement of the limitations period to such time as the plaintiff has actual or constructive knowledge of her cause of action." *Wilson*, 964 A.2d at 363 (citation omitted). In contrast, the

8

stricter and less plaintiff favorable "inquiry notice" approach "t[ies] commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Id*. at 364. "Pennsylvania's formulation of the discovery rule reflects the narrower of the two overarching approaches[.]" *Id.*

*Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 247 (Pa. 2021).

Here, Plaintiff has brought claims under the Fourth Amendment for unlawful search/seizure and false arrest.

Federal law, not state law, determines when a limitations period begins to run. Under federal law, the statute of limitations runs from the moment that a claim accrues.  And a claim accrues when the last act needed to complete the tort occurs.  For a search, that is the moment of the search. For a false arrest, that is the moment when legal process justifies the detention or, absent legal process, the moment of release.

*Nguyen v. Penn.*, 906 F.3d 271, 273 (3d Cir. 2018) (internal citations omitted).

Pennsylvania's two-year limitations period for personal injuries governs these claims. *Id*.

Here, the Magistrate Judge found, and Plaintiff does not dispute, that "Castillo's illegal search and false arrest claims accrued on February 2, 2009, and May 8, 2009, respectively, but Castillo did not file the complaint in this case until December 9, 2013. . ." (Doc. 151, at 18).

Castillo repeatedly asserts that the discovery rule operates to toll the statute of limitations on his claims because "the Plaintiff has testified of deceptive, misleading and/or fraudulent conduct by the Plaintiff's defense counsel during the underlying State Court criminal proceedings" and that he has "testified that the acts/non-acts of his criminal

defense lawyer, Attorney Bufalino, steered him away from what he later discovered regarding the search warrant" (*see* Doc. 153, at 15, 16, 21-22). Plaintiff argues that because of his "justified belief in [the truth of Attorney Bufalino's acts/non-acts], he was thereby induced to act by pleading guilty. . . [and] only learned of the actions of the Defendants and the existence and meaning of an anticipatory search warrant when he was imprisoned and began researching Habeas Corpus Relief." (Doc. 153, at 16).[3] Thus, Castillo asserts he exercised the requisite "due diligence" in researching his case. (*Id*.). (*See also, id*. at 20 (". . . the only reason a lawsuit was not filed before expiration of the limitations period is 'blameless ignorance' of the facts giving rise to the claim as a result of actions of other [*sic*]. . .").

Despite Castillo's generalized arguments to the contrary, the discovery rule does not serve to toll the statute of limitations such that the Court can deem the December, 2013, commencement of his lawsuit to be timely. Any discovery-rule tolling ceases once a party has "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury . . . or precise cause," *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). As explained by Magistrate Judge Schwab, "even if Castillo did not know of the legal significance of anticipatory search warrants, he was aware of the search of his residence

---

[3] Notably, even in making his Objections, Plaintiff still continues to attempt to claim the existence of material factual disputes by setting forth factual assertions without citing to the record. (*See e.g.* Doc. 153, at 16, 21-22 (making general assertions as to the content of Plaintiff's deposition testimony without any citation to the record or to any specific portion of Plaintiff's deposition)).

since he was in the residence at the time, and he cannot have missed the fact that he was

arrested.  He thus knew that he was injured by the conduct of another at the time of the

search and his arrest."  (Doc. 151, at 20).

In addition, it is undisputed that Castillo's his defense attorney[4] filed a motion to

suppress the evidence seized during the search of Plaintiff's home.  In response to

Defendants' statement of material fact that "Plaintiff's criminal attorney filed a motion to

suppress the evidence seized during the search of Plaintiff's home based upon

inadequacies with the search warrant and affidavit of probable cause," (Doc. 143, ¶ 68),

Plaintiff states:

> *Objection That Fact is Not Supported by Admissible Evidence.*  Denied as
> Stated. The factual statements appearing at paragraph 11 [*sic*] are incomplete,
> misleading and in dispute. The Plaintiff's complete Interrogatory answers, the
> answers of the Plaintiff and his witnesses in their Oral Depositions, along with
> the Complaint and Exhibits filed by the Plaintiff in opposition to the Defendants'
> Motion for Summary Judgment establish the following undisputed facts: The
> Plaintiff has testified that the Motion to Suppress filed by his incompetent
> defense attorney was "boiler plate", replete with errors and listed the Plaintiff
> as a "she" instead as a "he". It clearly did not raise nor fairly litigate the violations
> of the Plaintiff's rights under both the Pennsylvania and United States
> Constitutions.

---

[4] As a further example of Plaintiff's inadequate and careless responses to Defendants' statement of
material facts, the Court notes that in response to Defendants' uncontroversial statement that "Plaintiff was
represented by an attorney in his criminal case", citing to the testimony of Castillo (*see* Doc. 143, ¶ 67),
Plaintiff's counsel responds that "The Plaintiff has no knowledge or information regarding the truth or
accuracy of these paragraphs [¶¶ 58-67]" (Doc. 146).  Plaintiff's counsel's inability to admit a simple fact,
that is admitted by Castillo himself and supported repeatedly in the record by a number of documents,
raises serious questions as to whether Plaintiff's counsel simply did not give adequate attention to this case
or rather lacks an ability to perform his duty of being candid with the Court.

(Doc. 146, ¶ 68).  This response to Defendants' statement of material fact suffers from the same issues addressed in determining that Defendants' statement of material facts should all be deemed admitted, lacks any specific citation to the record, and sets forth only argumentative and unsupported statements.  The basis for the Objection, that Defendants' statement "is not supported by admissible evidence" is equally unsupported and without clear basis.  In fact, Defendants filed of record "Defendant [Castillo]'s Omnibus Pre-Trial Motion" (Doc. 143, Ex. R), filed by Attorney Mark Bufalino in the Court of Common Pleas of Luzerne County, Criminal Division, on or about May 8, 2009 (*see also*, Doc. 143, Ex. Q, at 4).  Attorney Bufalino's omnibus motion, filed on behalf of Defendant Castillo, includes a "Motion to Suppress Physical Evidence Seized from the Defendants' Residence" (Doc. 143, Ex. R, at 37).  The motion asserts that the evidence must be suppressed because, among other bases, the "warrant did not meet with adequate service requirements"; the search "was illegal in that it was made pursuant to a search and seizure warrant that was invalid and unlawful" for a number of reasons, including that the warrant and supporting affidavit of probable cause contain "material misrepresentations of relevant facts"; and that "no probable cause existed to reasonably believe that the Defendant committed the crimes charged".  (*Id*. at 37-38).

Thus, even if this Court were to reject the R&R's determination that Castillo "knew that he was injured by the conduct of another at the time of the search and his arrest" and therefore there is no basis for the tolling of the statute of limitations (Doc. 151, at 20), a

determination with which this Court agrees, it is nonetheless clear that, as of May, 2009,

Castillo had reason to believe that he had suffered an injury and had "actual or

constructive knowledge of at least some form of significant harm and of a factual cause

linked to another's conduct" even if he did not know the "precise cause" of the injury. *See*

*Gleason*, 15 A.3d at 484.  *See also*, *Butterline v. Bank of N.Y. Mellon Trust Co.*, 841 F.App'x

461, 466 (3d Cir. 2020) ("the discovery rule applies when the plaintiff has no reason to

believe he may have been injured.").

Nor does the fraudulent concealment doctrine provide Plaintiff relief.  The

Pennsylvania Supreme Court has explained the doctrine as follows:

> "Whereas the 'discovery rule' tolls the statute of limitations, the fraudulent
> concealment doctrine 'is based upon estoppel [and] has its basis in equity.'
> *Johnson v. Wetzel*, -- Pa. --, 238 A.3d 1172, 1191 (2020) (Wecht, J., concurring
> and dissenting). Generally speaking, tolling 'pauses the running of, or "tolls," a
> statute of limitations when a litigant has pursued his rights diligently but some
> extraordinary circumstance prevents him from bringing a timely action.' *Dubose
> v. Quinlan*, 643 Pa. 244, 173 A.3d 634, 644 (2017) (quoting *CTS Corp. v.
> Waldburger*, 573 U.S. 1, 9, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014) (citation
> omitted)).  When tolling is used as a proxy for 'pause,' the statute of limitations
> has conceptually started running but the applicable tolling principle serves to
> delay the point at which the plaintiff is charged with the duty to file suit.
> Fraudulent concealment, in contrast, is rooted in the recognition that fraud can
> prevent a plaintiff from even knowing that he or she has been defrauded.
> Effectively, the distinction is that where fraud has prevented the plaintiff from
> knowing of his or her cause of action, that cause of action simply does not even
> exist until the plaintiff becomes aware of, i.e., 'discovers,' the fraud.

*Rice*, 255 A.3d at 247-248.  Thus, the doctrine "allows tolling of the statute of limitations for

the period in which the opposing party, through fraud or concealment, causes another party

to 'relax [its] vigilance or deviate from [its] right of inquiry into the facts.'"  *SodexoMAGIC,*

*LLC v. Drexel Univ.*, 24 F.4th 183, 219 (3d Cir. 2022) (quoting *Fine*, 870 A.2d at 860).

"[T]the standard applied under the discovery rule requiring that a plaintiff exercise

reasonable diligence to discover both an injury and its causes also applies when fraudulent

concealment is the asserted basis for tolling the statute of limitations." *Rice*, 255 A.3d at

252.

Here, for substantially the same reasons as those set forth rejecting Plaintiff's

attempt to invoke the discovery rule, Plaintiff also cannot evade the statute of limitations

requirements based on the equitable doctrine of fraudulent-concealment.  Preliminarily, it

must be the opposing party who conceals the evidence at issue.  *See e.g.*, *Fine*, 870 A.2d

at 860 ("the doctrine is premised on a *defendant's* obstructionist conduct") (emphasis

added).  Thus, non-party Attorney Bufalino's alleged misrepresentations are not at issue in

the application of this doctrine.  In support of his argument, Castillo focuses on the State

Police's "refus[al] to produce a January 2006 Police Incident Report that is mentioned in and

was used in the Application for the Issuance of an Anticipatory Search Warrant." (Doc. 153,

at 19).  Plaintiff argues that "[t]his piece of evidence would have exposed the lies and

defects of the State Police warrants and the untruths told to him by his criminal defense

lawyer" and states that "the Commonwealth's refusal to produce a document, which should

exist, and which would undermine the Defendants case and irreparably discredit the State

Police Defendants Maguire and Lamm, . . . required the Chief Magistrate Judge to deny or

postpone Summary Judgment." (*Id*.).  In setting forth the apparent argument that the

fraudulent concealment is manifested by the Commonwealth Defendants' alleged refusal to produce a 2006 police incident report, Plaintiff confuses the issue of whether equitable tolling of the statute of limitations applies to this action with the issue of whether genuine factual disputes exist as to the merits of his claim. Plaintiff admits that the 2006 Police Incident Report was "mentioned in and used in the Application for the Issuance of an Anticipatory Search Warrant." He was thus aware of this document in 2009, regardless of whether it was actually in his possession. Further, to the extent that Plaintiff is asserting that, to this day, he still has not received the document, this lends additional support to a finding that the "concealment" of this document did not prevent him from knowing of his cause of action, at latest, at the time of his criminal proceedings.

Finally, Plaintiff argues that "his prosecution of his post-conviction Habeas Corpus actions acts to toll the Statute of Limitations as to the instant § 1983 action." (Doc. 153, at 20). Plaintiff offers no law or analysis to support this argument, instead only generally citing to a Third Circuit case, *Norman v. Elkin*, which Plaintiff asserts that, "by analogy, should also act as a basis to deny the Defendants' Motion for Summary Judgment." (*Id*. at 20-21). In *Norman v. Elkin*, 860 F.3d 111 (3d Cir. 2017), Plaintiff, a minority shareholder in a closely-held corporation, filed a Complaint alleging a variety of tort and contract claims against the majority shareholder, corporate officer, and another corporation wholly-owned by the majority shareholder. Prior to filing this action, Plaintiff had filed suit in the Delaware Court of Chancery under § 220 of Title 8 of the Delaware Code. Following contentious

litigation in the federal action, including two jury trials, the parties cross-appealed a number of issues to the Third Circuit.  In relevant part, one issue the Third Circuit considered was "the extent of tolling offered by a stockholder's resort to a § 220 action." *Id.* at 124.  The Circuit Court rejected the District Court's conclusion that a § 220 action does not toll the statute of limitations where the plaintiff has inquiry notice of his claim before initiating the § 220 action.  In so doing, the Circuit Court explained that "Delaware case law does not support a categorical rule forbidding tolling when a § 220 action is filed after a plaintiff has inquiry notice" and that the "District Court's categorical denial of tolling is also incompatible with Delaware's apparent intent to encourage § 220 actions as a way to allow stockholders to resolve disputes with the aid of a streamlined books and records proceeding." *Id*.

Castillo's mere citation to *Norman v. Ellis*, without further analysis or case law, is grossly insufficient to provide a basis for this Court to find that the statute of limitations in the present action was tolled pending a final resolution of Castillo's post-conviction habeas proceedings. The Circuit Court's decision in *Norman* relied on the state law of Delaware as to a specific state statute as well as the legislative intent behind this specific statute. Plaintiff's attempt to "analogize" *Norman* to the present action vastly departs from the Circuit's limited holding in that case and presents nothing more than a disingenuous and slipshod argument.

For the foregoing reasons, Plaintiff's Objections to the Magistrate Judge's R&R will be overruled.[5]

## III. CONCLUSION

For the reasons set forth above, upon *de novo* review of Magistrate Judge Schwab's R&R (Doc. 151), the Court will overrule Plaintiff's Objections, adopt the R&R, and enter judgment in favor of Defendants and against Plaintiff.

A separate Order follows.

Robert D. Mariani
United States District Judge

---

[5] In addition to the Objections addressed in detail herein, Plaintiff also raises several other initial objections, which he fails to address in his supporting brief, and which and are entirely without merit. First, Plaintiff states that the R&R "errs in its determination that the Plaintiff is not entitled to protection under the Fourth Amendment" (Doc. 152, at 2). In fact, Magistrate Judge Schwab specifically determined that Plaintiff's claims emanated from the Fourth Amendment (*see e.g.*, Doc. 151, at 15 ("While Castillo variously frames [his] allegations as violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, we construe Castillo's third amended complaint as attempting to state a claim for a violation of his Fourth Amendment rights under theories of unlawful seizure and false arrest.")). Second, Plaintiff argues that Magistrate Judge Schwab's dismissal of Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) is error (Doc. 152, at 2). However, the R&R does not specifically address any state law claims, and Plaintiff has not stated what state law claims he believes remain in this action. At best, upon thorough review of Plaintiff's operative complaint, it is possible that Plaintiff is now asserting that he has alleged a state law claim of a violation of his rights under the Pennsylvania Constitution. However, Plaintiff has not developed any discrete argument that his rights would have been greater under the Pennsylvania Constitution than under the U.S. Constitution, nor has he explained how a claim under the Pennsylvania Constitution would not otherwise also be time-barred, *see* 42 Pa. C.S.A. § 5524 (setting forth two-year statute of limitations for certain actions).